In the matter of the applications of Ralph Folks and of Lindon Bates, Jr. From the order of the Special Term, appeal was taken. Orders affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

George E. Joseph, for appellant.

A. S. Gilbert and Clarence J. Shearn, for respondents.

PER CURIAM. The court is clearly of the opinion that when a body of voters meet together for the purpose of inaugurating a movement to nominate an independent candidate for election, and a committee is appointed, which adopts an emblem and a name, and subsequently file petitions naming a candidate for the head of the ticket, and a committee is appointed to have charge of the canvass and nominations, the emblem and name adopted by that committee and by the persons representing it are to be used and to be considered as belonging to that movement. It then becomes a question of good faith as to whether or not the particular persons nominated to fill up that ticket are the ones in sympathy with the movement. And those who are nominated by those in sympathy with the movement to go on the other places on the ticket are the ones the board of elections should recognize as the ones to be included in the ticket. And that is the only way in which the spirit of the election law (Consol. Laws, c. 17) can be enforced.

Mr. Hearst is running as an independent candidate for mayor. He is opposed by the regular organization of the Democratic party and by the regular organization of the Republican party. When there is a contest as to two certificates signed by different nominators, the preferences of the committee in charge of the general ticket should have great weight in determining who shall be the candidates in the same column. To hold that a certificate first filed with the board of elections, nominating candidates of another party who are in opposition to the general ticket on which they desire to be placed, must be adopted merely because it was first filed, would violate the whole spirit of the election law and the system thereby created.

The order appealed from should be affirmed.

---

(134 App. Div. 368.)

CONGREGATION KEHAL ADATH JESHURUN M'YASSY v. UNIVERSAL BLDG. & CONST. CO.

(Supreme Court, Appellate Division, First Department. October 22, 1909.)

TRUSTS (§ 92½*)—CONSTRUCTIVE TRUSTS—STATUTE OF FRAUDS.

Where a religious corporation, owning property about to be sold on foreclosure of a mortgage held by a business corporation composed wholly of members of the former, entered into an oral agreement with the mortgagee, in consideration of money paid on a prior unexecuted contract and the mortgagor's promise not to bid or procure bidders, that the mortgagee should bid in the property for the mortgagor's benefit and convey it to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

mortgagor, the mortgagee, in an action to enforce the agreement, could not take advantage of the statute of frauds.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 141; Dec. Dig. § 92½.*]

Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Congregation Kehal Adath Jeshurun M' Yassy against the Universal Building & Construction Company. From a judgment dismissing the complaint on a trial before the court without a jury, plaintiff appeals. Reversed.

See, also, 118 N. Y. Supp. 478.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Emanuel Klein, for appellant.

Max Schleimer, for respondent.

HOUGHTON, J.   The complaint was dismissed on the opening of counsel for the plaintiff, on the ground that there was no contract in writing signed by the defendant. From the allegations of the complaint and the statement of what the plaintiff proposed to prove thereunder, it appears that the plaintiff is a religious corporation, and that the defendant, a business corporation, is composed wholly of members thereof; that the defendant held a mortgage on property owned by the plaintiff in process of foreclosure; that an ineffectual attempt was made to pay the plaintiff's debts, including the claim of defendant, and prevent the foreclosure sale; that on such attempt failing the defendant agreed, in consideration of permitting it to retain $1,934, which had been paid to it on an unexecuted agreement, and the refraining of plaintiff, or any one in its behalf, from attending the foreclosure sale or bidding upon the property, to bid in the property in its own name for the benefit of the plaintiff, and to convey it to the plaintiff, and take back a mortgage for the amount of its claim payable in a certain manner; that the plaintiff refrained from attending the sale, and kept persons from bidding in pursuance of such agreement; and that the defendant bid it off, took title in its own name, repudiated its part of the agreement, and refused either to convey or to repay the $1,934.

I think such facts make a prima facie case, and show that the defendant obtained title fraudulently, and that it holds the property as trustee ex maleficio for the plaintiff, and that it cannot shield itself behind the statute of frauds on the ground its agreement was not in writing. The managers and stockholders of the defendant corporation were all members of the plaintiff, a religious corporation, and in dealing with it they occupied a confidential relation. The agreement whereby the defendant received $1,934 from the plaintiff was not carried out, and it was the duty of the defendant to return that sum of money to the plaintiff. Instead of doing that, it was agreed that such sum should be retained by defendant as consideration for its promise to bid in the property and hold it for the plaintiff. In addition, the plaintiff agreed

not to attend the sale or to bid, and relied wholly upon the defendant carrying out its agreement. It was a fraud upon the plaintiff for the defendant to procure title to the plaintiff's premises in this manner, more easily practiced because of the fact that everybody who was interested in the defendant was a part of the congregation of the plaintiff. Whether the defendant obtained the property at a price much below its value does not appear; but a considerable sum was paid for the agreement, and the plaintiff kept its promise not to attend the sale or bid.

I understand the rule to be that, where the owner of property about to be sold at judicial sale enters into an agreement with his mortgagee, for a valuable consideration and a promise not to bid or procure bidders, that the mortgagee shall bid off the property and hold it for him, the mortgagee, in an action in equity to compel performance, cannot take advantage of the statute of frauds and escape because his contract was not in writing. Such is the distinct holding in Ryan v. Dox, 34 N. Y. 307, 90 Am. Dec. 696. While this decision has been subject to some attack, it has never been overthrown, and was recognized in Canda v. Totten, 157 N. Y. 281, 51 N. E. 989, and in Mackall v. Olcott, 93 App. Div. 282, 87 N. Y. Supp. 757, as still good law. It is based upon the proposition that the party obtaining title obtained it through fraud, and that equity will not permit the statute of frauds to be made a shield for fraudulent acts. Of course, the fraud must exist in the obtaining of the title, and not arise after the title has been procured. Nor can the principle be invoked in favor of one who has no interest in the land to be sold; for that would be a mere agreement to buy and convey, without any element of fraud entering into it.

If the plaintiff can prove what its counsel stated in his opening he expected to prove, in view of the confidential relations existing between plaintiff and defendant, and the advantage which the defendant was in a position to take, and apparently did take, I think the fair inference would be that the procuring of the title which the defendant did procure was in pursuance of a fraudulent scheme so to do. In that case the defendant would be deemed to hold the property as trustee in its own wrong for the plaintiff. It may be that the plaintiff will not be able to prove the facts which were enumerated in the opening of its counsel. They, however, must be deemed to be taken as proved; and, so treating them, I think the dismissal of the complaint was error, and that the judgment should be reversed.

PATTERSON, P. J., and LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. I do not concur in the reversal of this judgment, as I think the oral agreement sued on was without consideration and not enforceable, not being in writing and signed by the defendant. The sum of money alleged to have been paid to the defendant was not paid under this oral contract, but under the prior written contract, which was not complied with. There is no evidence that the plaintiff would have been in a position to have purchased the property at the foreclosure sale, or that it sustained any damage by reason of its failure to attend that sale, and a mere oral agreement by the defendant that

he would purchase the property at the foreclosure sale and subsequently convey it to the defendant was not enforceable.

I therefore think no cause of action was alleged, and that the dismissal of the complaint should be affirmed.