GEORGE H. FLETCHER and Another, Plaintiffs, *v.* THE MANHATTAN LIFE INSURANCE COMPANY, Defendant.

(Supreme Court, New York Special Term, February, 1921.)

Pleading — foreclosure — answer —Statute of Frauds — accounting — when motion for judgment on the pleadings denied.

> Prior to the sale on foreclosure of a mortgage in which plaintiffs and defendant were participating owners, it was orally agreed that plaintiffs would refrain from bidding at the sale and that defendant should become the purchaser of the premises at a price not in excess of the amount due on the mortgage, together with taxes and expenses. Defendant, who bought in the premises at the sale, refused to carry out the agreement and held the property as its own for a number of years, collecting the income, and without notice to plaintiffs, conveyed the property and appropriated the proceeds of sale

to its own use. In an action alleging the facts and demanding judgment declaring defendant a trustee for plaintiffs and requiring defendant to account for the proceeds of the sale in excess of the amount adjudged to be due it under the judgment of foreclosure and sale, the answer, besides a general denial, pleaded the Statute of Frauds as a defense. *Held,* that the facts pleaded, if proven, would make out a *prima facie* case, and defendant's motion for judgment on the pleadings will be denied.

MOTION for judgment on the pleadings.

Fletcher, McCutchin & Brown, for plaintiff.

Henry W. Kennedy (D. Theodore Kelly, of counsel), for defendant.

DELEHANTY, J. Defendant moves for judgment on the pleadings. The complaint states that the parties hereto were participating owners in a mortgage for $240,000 on certain premises in the city of New York of the value of not less than $250,000; that in an action for the foreclosure of said mortgage it was adjudged that the defendant was entitled to $193,499.77 as its interest in said mortgage and that the plaintiffs were entitled to the sum of $39,019.59; that prior to the foreclosure sale it was agreed between the defendant and the plaintiffs that the plaintiffs would abstain from bidding at said foreclosure sale and that the defendant would purchase the premises at a price not in excess of the amount due it, together with taxes and expenses, and would thereafter convey the premises to the plaintiffs or their nominees upon certain terms and conditions; that the sale took place and the defendant bought in said premises, the plaintiff being present but abstaining from bidding, and that thereafter the defendant refused to carry out its said agreement; that the defendant treated said premises as its

own, held the same for a number of years, collected the income therefrom, and that subsequently without notice to the plaintiffs sold the same and appropriated the proceeds of the sale to its own use. Judgment is demanded declaring the defendant to be a trustee for the plaintiffs as to the premises in question and requiring the defendant to account for the income of the sale in excess of the amount due it under the judgment of foreclosure and sale. The answer contains a general denial and an affirmative defense to the effect that the agreement alleged in the complaint is void under the Statute of Frauds because not in writing. The sole question for determination is whether the Statute of Frauds constitutes a defense. It is well established that an oral agreement to convey an estate or interest in real property other than a lease for a term not exceeding one year is nugatory and unenforcible. *Wooley* v. *Stewart,* 222 N. Y. 347, 350. However, where a party has an existing interest in a mortgage upon real property and enters into an oral agreement with others for the protection of his rights in connection therewith, courts of equity will recognize such agreement as binding in order to prevent the perpetration of a fraud. *Ryan* v. *Dox,* 34 N. Y. 307; *Canda* v. *Totten,* 157 id. 281; *Congregation Kehal Adath* v. *Universal Building & Construction Co.,* 134 App. Div. 368. In *Wheeler* v. *Reynolds,* 66 N. Y. 227, 236, 237, the court says: " It is a mistake to suppose that parol agreements relating to lands are any more valid in equity than at law. They are always and everywhere invalid. But courts of equity have general jurisdiction to relieve against frauds, and where a parol agreement relating to lands has been so far partly performed that it would be a fraud upon the party doing the acts, unless the agreement should be performed by the other party, the court will relieve

against the fraud and apply the remedy by enforcing the agreement. It is not the parol agreement which lies at the foundation of the jurisdiction in such a case, but the fraud. * * * But in cases of fraud courts of equity will sometimes imply a trust and will treat the perpetrator of the fraud as a trustee *ex maleficio,* for the purpose of administering a remedy against the fraud." In a somewhat similar situation Justice Houghton, writing for the Appellate Division in this department, said in *Congregation Kehal Adath* v. *Universal Building & Construction Co.,* 134 App. Div. 368, 370: " I understand the rule to be that where the owner of property about to be sold at judicial sale enters into an agreement with his mortgagee for a valuable consideration and a promise not to bid or procure bidders, that the mortgagee shall bid off the property and hold it for him, the mortgagee, in an action in equity to compel performance, cannot take advantage of the Statute of Frauds and escape because his contract was not in writing. Such is the distinct holding in *Ryan* v. *Dox* (34 N. Y. 307). While that decision has been subject to some attack it has never been overthrown and was recognized in *Canda* v. *Totten* (157 N. Y. 281) and in *Mackall* v. *Olcott* (93 App. Div. 282) as still good law. It is based upon the proposition that the party obtaining title obtained it through fraud and that equity will not permit the Statute of Frauds to be made a shield for fraudulent acts." I think the facts alleged in the complaint if proven make out a *prima facie* case, and, therefore, the motion for judgment on the pleadings made by the defendant must be denied.

Motion denied, with ten dollars costs.