GEORGE H. FLETCHER and ALFRED LOCKWOOD BROWN, Respondents, v. THE MANHATTAN LIFE INSURANCE COMPANY, Appellant.

First Department, July 1, 1921.

Equity — suit to establish trust and for accounting — parol agreement by defendant to bid in property on foreclosure and convey to plaintiffs — Statute of Frauds not defense — plaintiffs need not show ability to bid in property on the sale.

A parol agreement entered into between the plaintiffs and the defendant, who were all interested in a mortgage, whereby the defendant agreed to bid in the mortgaged property on the foreclosure sale and to convey the premises to the plaintiffs or their nominee within a certain time, is enforcible in equity, since should the defendant be permitted to interpose the invalidity of the agreement on the ground that it was not in writing

it would constitute a fraud on the plaintiffs, and, therefore, equity will imply a trust and regard the defendant as a trustee *ex maleficio.*

It was not necessary for the plaintiffs in a suit to have it declared that the defendant holds the property as trustee and for an accounting, to allege that they could have bid in the property or have had it bid in for them and have thus protected their interests on the mortgage foreclosure sale; it is no part of the plaintiffs' case to show ability in that regard.

APPEAL by the defendant, The Manhattan Life Insurance Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of February, 1921, denying defendant's motion for judgment on the pleadings.

*D. Theodore Kelly* [*Henry W. Kennedy,* attorney], for the appellant.

*James H. Richards* [*Fletcher, McCutchen & Brown,* attorneys], for the respondents.

LAUGHLIN, J.:

The pleadings consist of the complaint and answer and a reply thereto. The complaint shows that in a foreclosure action brought by the defendant in the Supreme Court in which plaintiffs and their former partner, to whose rights they have succeeded, were defendants, it was decided that the plaintiff therein and said defendants were jointly entitled to a judgment of foreclosure of the mortgage, to foreclose which the action was brought, and that the mortgaged premises, which were known as the Mt. Morris apartment house at Fifth avenue and One Hundred and Twenty-sixth street, be sold at public auction by a referee and that from the proceeds of the sale the defendant herein should be paid $193,499.77 and that plaintiffs and their former partner should be paid $39,019.59 for their interest in the bond and mortgage; that prior to the time set for the sale it was agreed between the plaintiffs and the defendant herein that defendant should bid in the property at a sum not in excess of the amount due, including all payments and disbursements required to be made, and that defendant should convey the premises to the plaintiffs or their nominee within thirty days for the amount paid by it and that title on such conveyance should be closed

as of the date of the foreclosure sale and that payment should be made to defendant by a bond payable on the 18th of September, 1914, with interest at five and one-half per cent for $185,000, secured by a mortgage on the premises, and the excess cost should be paid in cash or by certified check, and that such bond and mortgage were to be executed for $210,000, and that plaintiffs were to be given a participation agreement for $25,000 thereof. It is also alleged that the agreement contained other provisions with respect to the administration of the property in the meantime and providing that the plaintiffs should take further participating interests in the defendant's interest in the bond and mortgage and for the payment of attorney's fees and for a guaranty of the loan thus to be made by the defendant to the plaintiffs. It is further alleged that thereafter both parties attended the sale, and plaintiffs and defendant there agreed upon the bid to be made by defendant, and that plaintiffs relying on the agreement refrained from bidding and permitted the premises to be purchased by the defendant at its bid upon which the parties had so agreed and permitted it to take title; that plaintiffs have been ready, willing and able at all times to perform and have at divers times tendered performance, but defendant declined and refused to perform on its part and without notice to the plaintiffs and in violation of its agreement has sold and transferred the premises and has converted the entire proceeds to its own use and has failed and refused, after due demand made, to account to plaintiffs for the sale; that the premises are worth not less than $250,000, and defendant has been in possession and has received the rent, income and proceeds since April 1, 1914, and has not accounted therefor.

The prayer for relief is that it be adjudged that defendant received the premises as trustee for plaintiffs, and that it account to them for the rents and other income and pay them the value of the premises in excess of the cost thereof to defendant. The answer puts in issue the making of the agreement on which plaintiffs rely and quotes it from plaintiff's bill of particulars, setting it forth in writing as claimed to have been agreed upon but without any signature, and alleges that any trust for plaintiffs was not granted or

declared by deed or conveyance or any instrument in writing subscribed by the defendant or its authorized agent and is, therefore, void under the Statute of Frauds. (See Real Prop. Law, § 242.) The reply, in effect, alleges that the formal agreement in writing as set forth in plaintiffs' bill of particulars and quoted in the answer was prepared, but denies any knowledge or information sufficient to form a belief as to whether it was signed by or in behalf of the defendant, admitting, however, that no such signed agreement was delivered to plaintiffs, and alleges that the agreement was partly performed by the plaintiffs and they are ready to complete performance and, therefore, it is not required to be in writing.

It is not alleged that the defendant fraudulently intended to mislead plaintiffs by making and then refraining from carrying out the agreement; but on the facts alleged if defendant should be permitted to interpose the invalidity of this agreement as a defense it would constitute a fraud on the plaintiffs and, therefore, equity should imply a trust and regard the defendant as trustee *ex maleficio.* It was so held on analogous facts in *Ryan* v. *Dox* (34 N. Y. 307) and in *Congregation Kehal Adath* v. *Universal B. & C. Co.* (134 App. Div. 368, 370). In the latter of those cases the express terms of the agreement extended to an agreement on the part of one party not to bid or to procure bidders on the sale. An agreement to that effect was, I think, here fairly implied (See *Wood* v. *Duff-Gordon,* 222 N. Y. 88), and, therefore, I see no distinction in principle between those cases and this. In *Wheeler* v. *Reynolds* (66 N. Y. 227) it seems to have been held that there must be an express agreement to refrain from bidding or the party must have done or omitted something in reliance upon the parol agreement, such as failing to attend the sale or to obtain other bidders, and must allege it. Under the more liberal modern rule declared in *Wood* v. *Duff-Gordon* (*supra*) I think the facts alleged show that there plainly was an implied agreement to that effect, which is sufficient. In *Woolley* v. *Stewart* (222 N. Y. 347) the Court of Appeals has attempted to prescribe as a rule that evidence will not be received to show a parol contract if the act admits of explanation without requiring parol evidence, but that was

an action for specific performance of a contract, and this is not an action to enforce the contract but to call the defendant to account in order that it shall not be permitted to defraud plaintiffs of their interest in the mortgage which was foreclosed, and the general rule is that equity will afford relief where necessary to prevent a fraud. (*McKinley* v. *Hessen*, 202 N. Y. 24.) Here it seems that the only doubt there can be is with respect to whether it was necessary for plaintiffs to allege that they could have bid in the property or have had it bid in for them and have thus protected their interests. Assuming, as we must, that the agreement was made as alleged, it is perfectly plain that it was contemplated by both parties that the plaintiff should neither bid nor procure bidders in competition with the defendant who was to bid both for itself and them. The agreement having been made, it was not incumbent upon the plaintiffs to endeavor to raise funds or to procure them to be raised by others for the purpose of buying the premises. It is, therefore, I think, no part of the plaintiffs' case to show ability so to do. They had a substantial interest in the mortgage and the defendant should not be permitted to cheat or defraud them of that interest by inducing them to rely upon its parol agreement to protect it in the manner alleged. There is a plain distinction between a case in which such a parol agreement is made with a party who has an interest in the mortgage and one in which parties having no interest agree by parol that one of them shall bid in property for the benefit of both, in which case neither law nor equity affords relief against the breach of the agreement. (*Levy* v. *Brush*, 45 N. Y. 589; *Sturtevant* v. *Sturtevant*, 20 id. 39.) That distinction is recognized in *Wheeler* v. *Reynolds* (*supra*). The point presented for decision on the motion is the sufficiency of the complaint on the theory that the agreement rested in parol. I am of opinion that the complaint states a cause of action and that the motion was properly denied. It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.