PEPPARD REALTY CO., INC., Respondent,, *v.* EMIL F. EMDON, Appellant.

Second Department, December 22, 1922.

**Trusts — constructive trust — action to impress trust on real property bought by third person at sale in foreclosure proceedings against owner of equity of redemption — mere oral employment by owner of third person to raise money to bid in property and act of third person in buying for his own benefit does not create valid trust under Statute of Frauds (Real Prop. Law, § 242), nor does it create constructive trust — finding that owner employed third person prior to foreclosure sale to raise money to purchase property for owner's benefit and that third person purchased for his own benefit does not establish that third person acted fraudulently in acquiring property — evidence does not establish constructive fraud — record does not justify Appellate Division in making finding.**

A trust in real property is not created within the meaning of the Statute of Frauds (Real Prop. Law, § 242), which provides that a trust cannot be created or declared unless by act or operation of law or by a deed or conveyance in writing subscribed by the grantor, where a third person orally agrees with the owner of an equity of redemption, to raise funds with which to bid in the property for the benefit of the owner at a sale in foreclosure proceedings, and where said third person bids the property in for his own benefit.

The mere employment by the owner of an equity of redemption of a third person to raise money with which to bid in property at a foreclosure sale for the benefit of the owner does not in and of itself create such a relation between them as to make it a fraud for the third person to bid at the sale and acquire the property for himself.

A judgment impressing a trust on real property purchased by a third person at a sale in a foreclosure proceeding against the owner of an equity of redemption in violation of the Statute of Frauds must rest upon a finding that the third person bid in the property for himself in fraud of the owner, and constructive fraud is not found by the court by a finding that prior to the date of the foreclosure sale the owner employed the third person for the purpose of raising funds sufficient to purchase the property at said foreclosure sale for the owner's benefit and that the third person occupied such a confidential relation to the owner that he was precluded from acquiring title for his own benefit as against the owner.

The judgment is unsupported by sufficient findings of fact and the record is not such as justifies a finding by the Appellate Division on the issue of constructive fraud.

APPEAL by the defendant, Emil F. Emdon, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of May, 1922, pursuant to an interlocutory judgment and the report of a referee appointed thereby to take and state the accounts between the parties, and also from an order of said court, made at the Kings

Special Term and entered in said clerk's office on the 28th day of April, 1922, confirming the report of said referee.

The action was brought to impress a trust upon certain real property, purchased by the defendant's assignor at an auction held pursuant to the direction of a judgment of foreclosure. After a trial before the court an interlocutory judgment was entered, adjudging that the defendant, Emil F. Emdon, the owner of the legal title, held the same as trustee for the plaintiff, appointing a referee to adjust the accounts between the parties, and directing that upon confirmation of the referee's report, and upon repayment to defendant of the amounts found to be due him on the accounting, the said defendant convey the premises to the plaintiff's assignee, Emma L. Bush. The referee reported the balance due from the plaintiff to the defendant, as of March 1, 1922, to be $6,883.19. The report was confirmed by the order appealed from, and on the 19th of May, 1922, final judgment was entered pursuant to the interlocutory judgment, and the report of the referee, which, with other matters, adjudged that the said defendant convey said property to Emma L. Bush, or her nominee, on payment by her of the said sum of $6,883.19, to be modified by further adjustment for the intervening period.

*Ralph G. Barclay* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the appellant.

*Charles S. Rosenschein* [*Robert Moers* with him on the brief], for the respondent.

BLACKMAR, P. J.:

It is not necessary to consider the points submitted on the appeal from the order confirming the referee's report, for the judgment must be reversed as not supported by the findings of fact.

The plaintiff was the owner of the equity of redemption of real property under foreclosure. The defendant is in the position of the purchaser at the auction sale held pursuant to the judgment of foreclosure. It has been adjudged in the action that he has acquired the title and holds the same as trustee for the plaintiff.

The Statute of Frauds was pleaded by the defendant, by amendment to the pleadings, consented to and ordered during the trial. The statute (Real Prop. Law, § 242) provides, in substance, that a trust in real property cannot be created or declared unless by act or operation of law, or by a deed or conveyance in writing subscribed by the grantor; but the section does not prevent a declaration of trust from being proved by a writing subscribed by the party declaring the same.

The trust impressed by the judgment upon defendant's property was not created or declared by any writing whatever or " by act or operation of law." (*Wood* v. *Rabe*, 96 N. Y. 414.) It falls, therefore, under the condemnation of the words of the statute. There is, however, a rule evolved by courts of equity, that the statute, enacted to prevent frauds, cannot be used to perpetrate a fraud. If the defendant secured the plaintiff's property by a fraud he is declared a trustee *ex maleficio*, and is not permitted to retain the avails of the fraud under the protection of the statute. The fraud must, however, be something more than the breach of a contract, however inequitable. It must inhere in the very act by which the defendant secured the property. The property must be secured from plaintiff by the fraud, active or constructive, of the defendant. A judgment impressing a trust in violation of the statute must rest upon a finding that defendant secured it from the plaintiff by fraud.

This judgment rests upon two findings — the fourth and tenth. The fourth is: " That prior to the 22nd day of August, 1919 [being the date of the auction sale], the plaintiff employed the defendant for the purpose of raising funds sufficient to purchase the property at said foreclosure sale for the plaintiff's benefit." The tenth finding is: " That the defendant Emdon occupied such a confidential relation to the plaintiff * * * that said defendant was precluded from acquiring title * * * as against the plaintiff, * * *." The tenth finding is a conclusion from the fourth. It is obvious that the mere employment by plaintiff of defendant to raise money does not in and of itself create such a relation between them as makes it a fraud for the defendant to bid at the auction sale. It may, however, be suggested that such findings, read in the light of the evidence, may be considered as findings of constructive fraud; and I think that in support of a judgment there should be given to the findings of fact every intendment which the evidence makes them capable of bearing.

The evidence, therefore, must be examined. The sale at which Dr. Mayne bid for the defendant was at public auction. Others, including representatives of the plaintiff, were present, and other bids were made, so that Dr. Mayne was forced to a bid which produced a surplus of about $4,000. There is no finding that the defendant used the relations between him and the plaintiff to induce the plaintiff to refrain from bidding, or to induce the plaintiff to believe that Mayne was bidding for its benefit, or that plaintiff was financially able to bid, or could have secured any one else to bid. Such findings, if supported by the evidence, might have justified the judgment, but they were not made, and it is doubtful

whether a trier of the facts could properly have made them upon this evidence.

The evidence for plaintiff is that defendant, with its approval, brought in Mayne to furnish the funds to bid in the property for plaintiff's account, for which Mayne was to receive $1,000 as compensation; that attending the sale, with plaintiff's representatives, the defendant led them to believe that Mayne was bidding for plaintiff's account, and so told plaintiff's representatives when the property was struck down, whereas, in fact, Mayne was not bidding for the plaintiff but for the defendant, who thereby secured the property for much less than its real value. This, I think, is the statement of the evidence most favorable to plaintiff after resolving every dispute and adopting every inference in favor of plaintiff.

There is no dispute that the defendant was originally employed to obtain funds to release from a receivership certain other parcels of property owned by plaintiff and then under foreclosure. He enlisted a Mr. Case, who undertook to release the receivership by purchasing the mortgages in the action to foreclose which the receiver was appointed. In the course of the negotiations between the plaintiff, Case and the defendant, the foreclosure in question was brought up. As Case was not in a position to furnish the funds to protect the property in question under foreclosure sale in addition to providing the funds to purchase the other mortgages, Dr. Mayne was brought in. To this point there is no substantial dispute in the evidence. The defendant's evidence is that negotiations with Dr. Mayne continued until the day before the sale; that Mayne demanded a written contract defining their relations, and security from Mr. Case for the money he was to advance; that he examined the property and borrowed from the bank the money to enable him to bid, but did not receive the contract or the securities; that he attended the sale, informed plaintiff's representatives that he would not act for them, was requested by them to bid to prevent a deficiency; and with the knowledge and approval of plaintiff he bid for his own account, and subsequently assigned his bid to defendant.

The issue was whether the defendant obtained this property at the auction sale by fraud, either active or constructive. It is plain that no finding has been made upon this point; but that the judgment rests upon the bald fact that at some time not given, but prior to the auction sale, plaintiff employed defendant to raise funds to purchase the property. What finding a court, having before it the witnesses, would make upon this crucial point I do not know. If the defendant's evidence was accepted there was no

fraud, notwithstanding the previous employment and the confidential relations said to inhere therein. It is for this reason that the judgment seems to me unsupported by sufficient findings of fact, and the record is not such as justifies a finding by an appellate court which has not the advantage of seeing and hearing the witnesses.

We reserve the question of the propriety of rendering a judgment in favor of a person not a party to the record until a decision of it is necessary to the pronouncement of judgment.

I, therefore, recommend that the interlocutory and final judgments and the order be reversed on the law and a new trial granted, with costs to abide the event.

JAYCOX, MANNING, KELBY and YOUNG, JJ., concur.

Interlocutory and final judgments and order reversed on the law and new trial granted, with costs to abide the event.