GRAZELDA GREAVES and Others, Appellants, v. JUSTINA HUSBAND, Respondent.— Judgment reversed upon the law and a new trial granted, with costs to abide the event.    We think that under the facts shown this case fairly falls within that principle of equity which does not permit the Statute of Frauds* to be interposed as a bar where the relations of the parties are such that to do so would work a manifest fraud.    We are also of opinion that plaintiffs are entitled to

* See Real Prop. Law, §§ 242, 259.— [REP.

prove the relations existing between the parties and their mother, and also conversations relating to and leading up to the conveyance in question which were had in the presence of the defendant. (*Wood* v. *Rabe*, 96 N. Y. 414; *McClellan* v. *Grant*, 83 App. Div. 599; affd., 181 N. Y. 581; *Gallagher* v. *Gallagher*, 135 App. Div. 457; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Tiedemann* v. *Tiedemann*, 115 Misc. Rep. 462; *Harrington* v. *Schiller*, 231 N. Y. 278; *Fletcher* v. *Manhattan Life Ins. Co.*, 197 App. Div. 484.) Kelly, P. J., Jaycox and Young, JJ., concur; Kelby, J., dissents on the ground that no fraud was pleaded or proved, and also votes to modify the judgment so that it will not be on the merits, but will be without prejudice to commencing a new action.