## SECOND DEPARTMENT, MARCH, 1925.

PEPPARD REALTY COMPANY, INC., Respondent, v. EMIL F. EMDON, Appellant.

*Principal and agent — trusts — oral employment to obtain someone to furnish moneys to owner of equity of redemption with which to purchase real property on foreclosure sale forbids purchase by agent or trustee through dummy for himself — equity — action for accounting — fraud — violation of trust — Statute of Frauds not applicable — evidence.*

Appeal from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the Kings county clerk's office June 25, 1924, upon the decision of the court rendered after a trial at the Kings Special Term.

Interlocutory judgment affirmed, with costs, on the opinion of Mr. Justice Cropsey at Special Term. Kelly, P. J., Jaycox, Kelby and Young, JJ., concur; Rich, J., dissents.

The following is the opinion of the court below:

CROPSEY, J. The defendant was employed by plaintiff to obtain some one who would supply the money necessary to enable plaintiff, which owned No. 155 Remsen street, to buy it in at a foreclosure sale should it sell for less than its value. For this defendant was to be paid an agreed sum. The property was sold and was bid in by one Earl H. Mayne. He transferred the bid to the defendant, who took title. Defendant refusing to account to plaintiff for the property, this action was brought to impress a trust. Mayne did not buy the property for himself. His claim that he did so is refuted by the credible evidence. He was palpably untruthful and cannot be believed. The money, or the greater part of it, he paid as the deposit upon the sale had been furnished by the defendant for that purpose. The situation is the same as if defendant had bid in the property. But defendant could not do this and claim the property as his own as against the plaintiff's claim that he was to procure it for the plaintiff. The entire manipulation of the transaction by the defendant was evidently for the purpose of defrauding the plaintiff, and unless the plaintiff succeeds in this action the result will be that defendant has obtained title to property worth at least $25,000 more than he paid for it. That in good conscience the defendant bought the property for the plaintiff cannot be doubted. If he is to be permitted to profit by his dishonor it must be because there was no writing expressing the agreement between the parties. But the Statute of Frauds* may not be used to work such a result. The

---

* See Real Prop. Law, § 242.— [REP.

plaintiff owned the equity of redemption in the property and, having an interest therein, is in a different situation than one would be who, having no interest therein, had arranged to have defendant bid it in for him. (*Fletcher* v. *Manhattan Life Ins. Co.*, 197 App. Div. 484, 488; *Sinclair* v. *Purdy*, 235 N. Y. 245, 253.) In a situation such as is presented by the facts now under consideration the Statute of Frauds cannot prevail. (*Ryan* v. *Dox*, 34 N. Y. 307; *Canda* v. *Totten*, 157 id. 281; *Congregation Kehal Adath* v. *Universal Building & Construction Co.*, 134 App. Div. 368.) Furthermore, the defendant as plaintiff's agent had a duty to perform. He was false to his trust and cannot profit through his wrong. He will be treated as a trustee holding the property for the plaintiff. (*Densmore* v. *Searle*, 7 App. Div. 45; *Britton* v. *Ferrin*, 171 N. Y. 235; *Beatty* v. *Guggenheim Exploration Co.*, 225 id. 380.) The opinion of the Appellate Division upon reviewing the first trial also indicated that the statute was not a bar to recovery upon the facts if found in plaintiff's favor. [204 App. Div. 8.] If it had been, the complaint should have been dismissed; instead a new trial was ordered. Judgment for plaintiff, with costs. The findings and judgment should be settled upon notice.