PEPPARD REALTY CO., INC., Respondent, v. EMIL F. .EMDON, Appellant.

*Trust — real property — principal and agent — action to impress trust upon real property — agent employed by owner of equity of redemption to arrange loan to enable such owner to bid in property at foreclosure sale — property bid in by third party who transferred title to agent — trust impressed upon property for benefit of principal.*

*Peppard Realty Co., Inc.,* v. *Emdon,* 213 App. Div. 824, affirmed.
(Argued November 24, 1925; decided December 15, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 6, 1925, affirming an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to impress a trust for the benefit of plaintiff upon real property in the city of Brooklyn. It was alleged that plaintiff, who owned the equity of redemption in the property, employed defendant to find some one who would supply the money necessary to enable plaintiff to bid in said property at the foreclosure sale; that the property was bid in by a third party, who transferred the bid to the defendant, who took title but refused to account to plaintiff for the property.

The following questions were certified:

" 1. Are the facts found by the trial court sufficient to support the conclusions of law and the judgment?

" 2. Is there sufficient evidence to support the material findings of fact herein?

" 3. Is there sufficient evidence to support each and every of the findings of fact numbered 19, 20, 22, 23, 24, 25, 26, 27, 33, 34, 36, 41?

" 4. Did the refusal of the trial court to find facts requested by the defendant constitute reversible error?

" 5. Did the refusal of the trial court to find as requested by the defendant in any or all of the proposed findings of fact numbered II, III, VI, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXIII,

XXIV, XXV, XXVI, XXVII, XXVIII, constitute reversible error?

" 6. Should the complaint have been dismissed at the opening of the case on defendant's motion?

" 7. Should the action have been dismissed at the close of the case on defendant's motion?

" 8. Is defendant, appellant, entitled to a reversal of the judgment, and either a dismissal of the complaint or a new trial? "

*Ralph G. Barclay, Jay S. Jones* and *Edward J. Fanning* for appellant.

*Charles S. Rosenschein* and *Robert Moers* for respondent.

Judgment affirmed, with costs; questions certified answered as follows; Nos. 1, 2 and 3 in affirmative; other questions not answered; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. J. FREDERIC KERNOCHAN et al., as Administrators of the Estate of MARIE MARSHALL, Deceased, Respondents, *v.* JOHN F. GILCHRIST et al., Constituting the State Tax Commission, Appellants.

*Tax — income tax — decedent's estate — return made by decedent in lifetime on cash received basis — requirement of additional return upon income accrued before but not received until after death improper.*

*Matter of Kernochan* v. *Gilchrist*, 214 App. Div. 114, affirmed.

(Argued November 25, 1925; decided December 15, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 14, 1925, which annulled, on certiorari, a determination of the State Tax Commission imposing an additional income tax upon the estate of Marie Marshall, deceased. The question was whether income accrued to a person prior to her death, but received thereafter by her representatives, may be required to be returned as income of the decedent, in cases where she made her last return on a cash received basis.