SOPHIE McNEILL, Plaintiff, *v.* HENRY McNEILL and Others, Defendants.

Supreme Court, Onondaga County, June 14, 1930.

*Irving Brickman* [*Frank Hopkins* of counsel], for the plaintiff.

*Byrne, Byrne & Lowery* [*Richard Byrne* of counsel], for the defendant.

Ross, Official Referee. The plaintiff's evidence of the transactions which she claims constitute a trust is very vague. It discloses her interpretations of what she believes ought to exist by reason of her dealings with her husband, rather than a definite tangible contract. This is equally true of both the original transactions relating to the New Jersey property and the transfer of the subject of the trust to the Syracuse property. As an example of this vagueness, I quote in part from the evidence:

Reference to New Jersey property (S. M. p. 6): " Q. Tell us how the conversation started. A. He wanted to transfer. Q. Not what he wanted. Tell us what he said. A. He told me to sell and anything that I got over $4000 I should share half." (S. M. p. 7.) " Q. What was to be done with that amount over that $4000? A. I should share one-half. Q. Did he say that? A. Yes, he did say that." As to Syracuse property: " Q. Then you got $6,800 for it (New Jersey property)? A. Yes. Q. All in cash? A. Yes. Q. Did you have any talk with your husband about that money? A. Yes. Q. What was it? A. It was to be put —

Q. What did he say? A. He said the money for the purchase of the house was to be put in both our names until we decided to buy. Q. Buy here? A. Yes, in Syracuse." (S. M. p. 8.) " Q. Well, did you move to Syracuse? A. Yes. Q. Was there a place bought? A. Yes. * * * Q. That was money that was received from the New Jersey property. (Meaning that the Syracuse property was bought with the money from the New Jersey property.) A. Yes. Q. Now what was said? Did you have any talk with your husband about the title? How the title to that property was to be? A. Yes. It was to be put in both our names." (S. M. p. 9.) " Q. What did he say about the money about the title to the property? A. My money was to be put in it. Q. What did he say? A. This house will be in both our names." (S. M. p. 10.)

The plaintiff contends that as the defendant has not pleaded the Statute of Frauds he cannot avail himself of its protection. (*Mc Kenna* v. *Meehan*, 248 N. Y. 206, 212.)

The necessity for a reasonable construction of this rule of law in the instant case is sharply presented, as it is not apparent from the allegations of the complaint whether the claimed agreement was in fact in writing. Upon the close of the plaintiff's case the following occurred: Mr. Byrne: " I move to strike out all of the evidence of the witnesses, the plaintiff and her daughter, in reference to any alleged conversation upon which a finding of agreement to deed or convey any part of this real estate may be predicated." Upon the grounds — Mr. Byrne then read into the record section 242 of the Real Property Law of the State of New York, and continued: " I would like to go ahead and make my formal motion. Also on the ground that it is an attempt to create an estate in property by oral evidence and generally that the evidence is incompetent, immaterial, irrelevant, and improper." (S. M. 66, 67.) Mr. Hopkins then stated as follows: " This case that I have here says: ' Real Property Law, § 242, does not obstruct the recognition of a constructive trust affecting an interest in land where a confidential relation would be abused if there were repudiation without redress of a trust orally declared.' "

It thus appears, *first*, that Mr. Byrne raised the question by motion. (See *Magee* v. *Fish*, 175 App. Div. 125, 128.) But more important that Mr. Hopkins did not urge that the failure to comply with the Statute of Frauds was not pleaded, but contended, as above quoted, that under certain circumstances a constructive trust affecting an interest in land may rise from parol.

If at this time an objection had been made that Mr. Byrne was not in position to raise the question of the Statute of Frauds not being

pleaded, the question would then have been presented and an amendment could have been granted or refused, the right to review such ruling remained.

Under the record, I find that the matter now invoked by the defendant was presented upon the motion to dismiss, and that the plaintiff did not then, and cannot now, sustain the contention that the objection of the failure to plead the Statute of Frauds was not formally presented by the answer.

The courts are slow to declare an oral trust relating to real property. To hold otherwise would be to destroy the purpose of the statute.

As stated in *Peppard Realty Co., Inc.,* v. *Emdon* (204 App. Div. 8, 10): " The fraud must, however, be something more than the breach of a contract, however inequitable. It must inhere in the very act by which the defendant secured the property. The property must be secured from plaintiff by the fraud, active or constructive, of the defendant."

There is no evidence that the defendant obtained a single dollar from the plaintiff by fraud. He owned the property in New Jersey which he sold at a profit. He committed no fraud in retaining possession of his own. He may have failed to perform an agreement; but this does not suffice to permit a recovery in this action. A constructive trust may arise where a confidential relation would be abused if a trust orally declared were repudiated.

(*Foreman* v. *Foreman,* 251 N. Y. 237.) In this case the defendant was enjoying the fruits of the plaintiff's property. In the instant case the plaintiff has no title to the property in question.

The instant case is devoid of any subsequent acts corroborative of plaintiff's claim — acts tending to sustain plaintiff's version as existed in *Sinclair* v. *Purdy* (235 N. Y. 245, 246). Not one dollar has the defendant ever paid to the plaintiff that could in any way be construed as a recognition of the trust claims.

Judge CARDOZO, in *Foreman* v. *Foreman* (251 N. Y. 237, 240), citing Ames' Lectures on Legal History, 425, 431, in which the following is found: " If, on the other hand, the devisee has acquired the property with the intention of fulfilling his promise, but afterwards decides to break it, relying on the statute as a defense, he commits no tort, but a purely passive breach of contract."

The motion to amend is denied. Exception to plaintiff.

Judgment dismissing complaint granted, with costs.