THOMAS J. IRWIN, Plaintiff, *v.* CHARLES BIRD, Defendant.

Supreme Court, Monroe County, July 2, 1930.

*H. H. Cohen*, for the plaintiff.

*William H. Irvine*, for the defendant.

RODENBECK, J. The transaction in this case was one under which the defendant agreed to purchase property, owned by the plaintiff, at a foreclosure sale, and make a reconveyance to plaintiff, within a reasonable time, upon payment of five per cent bonus

on the amount advanced by him, plus six per cent on such moneys. The plaintiff has demanded such a reconveyance, but the defendant has refused to carry out the agreement. The agreement is admitted by the defendant, except as to some of its terms.

This is not an agreement for the sale of land under the Statute of Frauds (Real Prop. Law, § 259), but is a trust not excepted in the statute, which is required to be in writing. (*Wood* v. *Rabe*, 96 N. Y. 414.) Not all agreements, however, relating to the sale of an interest in real property, or in the nature of trusts concerning real property, are required to be in writing, and there are some exceptions specified in the statute (Real Prop. Law, § 242), especially where there has been a part performance of the agreement. (Real Prop. Law, § 270.)

In the latter case, oral agreements of this character will be enforced where the enforcement is the only adequate remedy that the plaintiff has. A mere breach of the agreement is not sufficient to justify a resort to a court of equity. There must be some equitable considerations in the case to move a court of equity to exercise its special powers. A part performance is sufficient to take the case out of the statute, where a specific enforcement is the only adequate remedy, but, as stated, to grant this relief, there must be special circumstances calling for it.

The agreement in this case comes within the statute and should have been in writing, but it will be enforced, notwithstanding that omission, both because it had been partly performed and because not to enforce it would operate as a fraud by the defendant upon the plaintiff. (*Wood* v. *Rabe*, *supra*.)

The part performance consists in the bonus payment, which is not denied, although no receipt is produced, and the receipt of rents by the defendant while the plaintiff was in possession after the foreclosure, which should be applied toward a repurchase, less carrying charges. This performance is sufficient, especially since the only remedy that is adequate in this case is a reconveyance by the defendant.

The relation between the parties was one of trust or confidence that the defendant would bid in the property and reconvey it later to the plaintiff. The defendant is practicing a fraud upon the plaintiff in refusing to do so. The relationship constituted him a trustee who will not be permitted to take advantage of his wrongful act. The Statute of Frauds was designed to obviate the perpetration of frauds in certain cases, and a court of equity will not permit it to be used as an instrument of fraud where an oral agreement is made between parties, which, otherwise, would be void. Under the statute it will be enforced where the refusal to enforce

it would operate as a fraud, the prevention of which was the purpose of the statute. (*Peppard Realty Co.* v. *Emdon*, 213 App. Div. 824; affd., 241 N. Y. 588.)

The defendant should be required to carry out his agreement and a referee should be appointed to state the accounts between the parties. The defendant should be allowed the moneys paid as a bonus and those advanced by him, with six per cent interest, and should be charged with the rents received by the defendant, less the carrying charges. Costs are allowed against the defendant, together with an additional allowance of $350.