Action to impress a constructive trust on certain real property owned by the defendants. Judgment dismissing the complaint on the merits reversed on the law and the facts and a new trial granted, with costs to abide the event. Plaintiff asserts that he orally employed defendant Edith J. Meyer as a real estate broker to purchase a specified house for him; that she agreed to do so, but instead of performing the agreement she negotiated and bought the house for herself and her husband. Defendants denied making any such agreement and invoked the Statute of Frauds as a bar. The finding that such an agreement was made is, on this record, against the weight of the credible evidence. However, as a new trial is granted it may be stated that the Special Term erred in its view of the law applicable to the situation. Such an agreement, resting in parol, is not interdicted by section 242 of the Real Property Law. The agreement was not one for the conveyance of an interest in real property. It created the relationship of principal and agent, and for the breach thereof an aggrieved party is not without remedy, as section 242 expressly states that it “ does not affect * * • nor prevent any trust from arising e ® ’ by implication * * * of law a :: (The right to such á remedy in similar situations upon proper proof is recognized in Halper v. Homestead Bldg. & Loan Assn., 269 App. Div. 1044; Peppard Realty Co. v. JSmdon, 213 App. Div. 824, affd. 241 N. Y. 588; Blanco V. Velez, 295 N. Y. 224 ; 3 Bogert on Trusts and Trustees, § 487, pp. 126-127; Restatement, Restitution, § 194; 3 Scott on Trusts, § 499; 4 Pomeroy’s Equity Jurisprudence [5th ed.], § 1056b; 4 Williston on Contracts [Rev. ed.], § 1024, and Browne on Statute of Frauds, § 96. The cases upon which the Special Term relied are readily distinguished from the foregoing.) Hagarty, Carswell, Aldrich and Nolan, JJ., concur; Lewis, P. J., not voting.