Mario Pittohi, J.
The defendant moves for an order pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings and dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action in that the complaint is based upon an oral agreement unenforcible under the Statute of Frauds, and granting judgment in favor of the defendant.
The plaintiffs’ complaint alleges a desire on their part to purchase real property on a water front to afford access to the Long Island Sound and to protect their view. The defendant, a neighboring property owner, had a similar desire or interest; whereupon, the plaintiffs and defendant orally agreed *732 that the defendant would take title to the real property and would then convey one half to the plaintiffs on their paying one half of the purchase price. The plaintiffs allege further that in reliance upon this agreement they forbore from buying the property, though they could have done so, and now the defendant has refused to convey the one-half interest in the property even though the plaintiffs have tendered the price to him.
The answer contains certain denials including a denial of the agreement and also the affirmative defense of the Statute of Frauds. The reply admits that there was no written agreement or memorandum.
Since the defendant has interposed the affirmative defense of the Statute of Frauds, and since the reply admits that there was no written agreement or memorandum thereof, and since the plaintiffs have submitted the complaint, answer and reply for consideration on this motion, the conclusion- is clear. The alleged agreement is within the Statute of Frauds (Ryan v. Dox, 34 N. Y. 307; Levy v. Brush, 45 N. Y. 589, 596).
Isquith v. Isquith (229 App. Div. 555) and Peppard Realty Co. v. Emdon (213 App. Div. 824) cited by the plaintiffs, are not applicable. The Isquith case had the element of a confidential relationship between husband and wife which is not present here, and the Peppard ease was one where the plaintiff lost a Suable equity of redemption by relying on the defendant’s remise.
Therefore, the motion for judgment on the pleadings is granted.
Order signed.