■ JOHN G. CAMPO, Appellant, v. GEORGE FREITAG et al., Respondents.— In an action to impress a trust on real property, and for other relief, the appeal is from an order granting respondents' motion to dismiss the complaint (Rules Civ. Prac., rule 107, subd. 7) on the ground that the Statute of Frauds (Real Property Law, § 242) is a bar to the action. The complaint alleges that appellant, a partial owner of real property, entered into an oral agreement with the mortgagee and the mortgagee's attorney, respondents herein, that they would bid in the property at the foreclosure sale for appellant's account, and that they violated the agreement by purchasing the property for the mortgagee, thereby violating a trust or confidential relationship. Order affirmed, with $10 costs and disbursements. (*Wheeler* v. *Reynolds,* 66 N. Y. 227.) Wenzel, Acting P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: In my opinion, *Peppard Realty Co.* v. *Emdon,* 213 App. Div. 824, affd. 241 N. Y. 588) is exactly in point and

requires reversal of the order appealed from and denial of the motion to dismiss the complaint. In that case plaintiff, the owner of the equity of redemption, employed defendant to obtain someone to supply the money necessary to enable plaintiff to buy in the property at the foreclosure sale. For this, defendant was to be paid an agreed sum. Instead, defendant (acting through another) bid in the property. When defendant refused to account to plaintiff therefor, action was brought to impress a trust. A judgment for plaintiff was affirmed, it being pointed out that, since plaintiff owned the equity of redemption in the property, the Statute of Frauds was not a defense to the action, although a different result might obtain had the arrangement, whereby defendant was to bid in the property for plaintiff, been made by one having no interest therein. In the case at bar the complaint alleges that appellant agreed with respondents that they would act as his agents in the bidding and that he agreed to pay respondent Putt a fee for acting as such agent. Appellant was a one-third owner of the equity of redemption. Under these circumstances, the cited case is a distinct holding that the Statute of Frauds is not a defense, and that respondents, as appellant's agents, had a duty to perform, were false to their trust, and must be treated as trustees holding the property for appellant.