## COHEN v. BASS.

(Supreme Court, Appellate Division, Second Department.   May 26, 1910.)

1. FRAUDS, STATUTE OF (§ 38*)—PAROL PROMISE—VALIDITY.

A parol promise by defendant, inducing plaintiff to go into partnership with a third person for the manufacture of a line of goods for defendant, that he would guarantee that plaintiff's part of the profits would amount to at least $50 a week, is not within the statute of frauds, and plaintiff may recover the difference between the amount earned as profits and $50 per week.

[Ed. Note.—For other cases, see Frauds, Statute of, Dec. Dig. § 38.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.
    A verdict on conflicting evidence, rendered under correct instructions, will not be disturbed on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

Appeal from Trial Term, Kings County.

Action by Jacob Cohen against Joseph Bass. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, THOMAS, and CARR, JJ.

Solomon H. Eisler, for appellant.
Michael Kaufman, for respondent.

PER CURIAM. The pleadings in this case are somewhat confusing. It is apparent that the pleader was not clear in his expression of facts going to make up his cause of action; but we are of the opinion that the case as it finally went to the jury was not at all confused. The learned court in charging the jury cleared the atmosphere, and the charge, to which no material exception survives, placed the case in such a position that it must be presumed that the jury acted intelligently upon it.

The theory of the action was that the defendant induced the plaintiff to go into an arrangement (something short of a partnership, as appears from the evidence) by which the plaintiff and the brother of the defendant were to manufacture certain lines of goods for the defendant, and the latter undertook to guarantee to the plaintiff that his portion of the profits should amount to at least $50 per week; that the profits realized did not amount to this sum, and the plaintiff claimed to recover the difference between the amount that was earned as profits and the $50 per week which was guaranteed. The defendant disputed this claim, and this was the issue litigated between the parties, resulting in a verdict for the plaintiff.

We are clearly of the opinion that the case was not within the statute of frauds; and, the jury having found, on a conflict of evidence, in favor of the plaintiff, under a charge which so fairly stated the case that the defendant did not preserve a single question of law to be reviewed, we see no ground on which the judgment or order should be reversed.

The judgment and order appealed from should be affirmed, with costs.