ABRAHAM RIZIKA, Plaintiff, *v.* MORTON D. KOWALSKY et al., Defendants.*

Supreme Court, Special Term, Oneida County, December 28, 1954.

---

* Affirmed upon this opinion, 285 App. Div. 1009.

*Gilbert R. Hughes* for defendants.
*M. Francis Malone* for plaintiff.

Bastow, J. The defendants move pursuant to rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the contract upon which the alleged action is founded is unenforcible under the provisions of the Statute of Frauds. The action has been at issue for about three years and normally this motion could not be entertained because of the requirement in rule 107 that it be made within twenty days after the service of the complaint. The parties, however, apparently desiring a decision as to the sufficiency of the pleading, have stipulated that the time to so move be extended for the entertainment of the present motion.

The application, as permitted by rule 107, is made upon the complaint and an affidavit of counsel for the defendants. Contained in the affidavit are extracts from an examination before trial of the plaintiff and the entire examination by reference is made part of the affidavit. In an answering affidavit plaintiff's attorney challenges the use of this material. In the somewhat unusual posture of the present motion there appears to be no sound reason to rule out this pretrial examination of the plaintiff. It elucidates the allegations of the complaint and in considerable detail gives the facts upon which plaintiff's cause of action must stand or fall. Rule 107 permits the use of an affidavit stating facts tending to show that the complaint should be dismissed upon one of the grounds specified therein. There being no limitation in the stipulation made by the parties the court will construe it as sufficiently broad to permit the use of the described affidavit and plaintiff's pretrial examination.

The complaint, in substance, is based upon certain events that took place in November, 1949. In that month real property was sold at public auction by the corporate owner thereof. It is alleged that plaintiff attended the auction and thereat the plaintiff, the defendant Kowalsky and one Nathan, now deceased, and three other unnamed parties agreed that the six persons would bid on the property as a group with Nathan as spokesman and bidder, each to have an equal interest in the investment if the property was purchased. It is further alleged that the three unnamed persons withdrew from the original group of six and thereupon plaintiff, Kowalsky and Nathan agreed that the three of them would endeavor to purchase the realty with Nathan acting as bidder and " it was understood and agreed that in the event said real estate was struck down to Abe E. Nathan that they would become the owners thereof in three equal shares." It is averred that Nathan was the successful bidder for the sum of $32,000 and that thereafter plaintiff

offered to pay Nathan plaintiff's one-third share of the purchase price which was refused and plaintiff was told that he was entitled to a one-sixth interest in the real estate. The complaint contains further allegations that the realty was subsequently transferred to one of the corporate defendants and thereafter certain of the land and easements were transferred to the other corporate defendant. The plaintiff seeks a decree adjudicating him to be the owner of a one-third interest in the realty; that a lien be impressed upon the realty in favor of the plaintiff and that the defendants be compelled to convey to the plaintiff a one-third interest in the property.

The pretrial examination of the plaintiff established that the cause of action is based upon a claimed oral agreement and no portion thereof was in writing. It was further developed that plaintiff some years before had joined in two bidding arrangements with the defendant, Kowalsky, from one of which plaintiff received $100 and the other did not materialize. The plaintiff had never had any transaction with Nathan. He testified that there were no partnership funds which were to be used to buy the property and described the transaction as " an individual transaction ".

The complaint presents a simple and clear-cut cause of action. The defendant, Kowalsky, and Nathan — here represented by the named defendants, his administrator and distributees — agreed with the plaintiff, present at the auction, that they would have Nathan seek to become the successful bidder for the realty and if successful they would become the owners thereof in three equal shares. Nathan did become the purchaser and thereafter he and Kowalsky refused to convey any portion of the realty to plaintiff or to recognize him as an owner of any part thereof.

There is no claim by plaintiff that any partnership was formed or contemplated. The allegations of the complaint, giving them every fair intendment, present only an oral agreement among the three persons to purchase the realty as owners in common. Such a tenancy does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property. (Partnership Law, § 11, subd. 2.) Thus, it becomes unnecessary to explore the troublesome field of law relating to the substantial overlap between capacity problems concerning partnerships and the sometimes closely related problems dealing with ownership in common of realty (cf. Powell on Real Property, vol. 1, §§ 138, 139; vol. 4, § 614). Likewise, there are absent from the complaint the necessary allegations to establish a joint venture. The difference between

a joint venture and joint ownership of property is well recognized. Similarity appears in the common interest, but a difference arises because the latter lacks the feature of adventure. Hence, the law does not regard joint owners or tenants in common as joint adventurers in the absence of some express or implied agreement for a joint enterprise (30 Am. Jur., Joint Adventures, § 6).

It is recognized that if the cause of action was bottomed upon suitable allegations of a partnership or joint venture in reference to the purchase and ownership of the realty formed by parol agreement then such agreement would not be invalidated by reason of the Statute of Frauds. (Cf. *Mattikow* v. *Sudarsky*, 248 N. Y. 404, 406, and *Weisner* v. *Benenson*, 275 App. Div. 324, affd. 300 N. Y. 669). In the latter case the court said (275 App. Div. 331): " It is admitted, and the trial court has held, that there is nothing in any of the said written communications which is sufficient to comply with the Statute of Frauds, if the transaction be regarded as a contract for the purchase by plaintiff and Benenson of real property. Plaintiff relies entirely upon the theory of a joint enterprise or partnership. The law on this subject has been well summarized by the annotator of the numerous decisions in New York and other States cited at 150 American Law Reports, 1032, as follows: ' The purchase of lands, even for the purpose of selling them at a profit to be divided in proportion to the interests of the purchasers (particularly if there is no understanding regarding bearing possible losses) does not of itself constitute the purchasers partners, inasmuch as tenants in common or other cotenants would have similar rights, and in the absence of further agreements or acts the relation of partnership will not be superimposed upon them, at least if there is no apparent intention to enter that relationship."

Here, however, the complaint and the complete pretrial examination of the plaintiff, wherein he gave all alleged conversations between himself and the two alleged co-owners, show at most a naked agreement for the purchase of land as owners in common. This is further emphasized by the fact that plaintiff seeks no dissolution of a joint venture or partnership or no accounting but solely a conveyance to him of a one-third interest in the property. Presented with such a cause of action, we find the rule to be that an oral contract by two or more persons to purchase real estate for their joint benefit, or any other oral agreement merely for the joint purchase of land involving no element of partnership, falls within the ban of the Statute

of Frauds (49 Am. Jur., Statute of Frauds, § 219). This principle of law has been uniformly followed in this State. One of the earlier cases upon the subject is *Levy* v. *Brush,* 45 N. Y. 589, wherein the court said (p. 596): '' no case can be found where a contract has been taken out of the statute (of frauds) in favor of a party who had no existing interest in the property, who had done no act of part performance, who had parted with nothing under the contract, simply upon the ground that the other party was guilty of a fraud in refusing to perform his verbal agreement. That is all there is of this case, except the offer of performance by the plaintiff. To hold that to be sufficient, to take the case out of the statute, would repeal it. Care must be taken that this is not done, under an idea that as the statute was enacted to prevent fraud, it cannot be applied to cases where it appears that, in a moral sense, a party is attempting to perpetrate a fraud. A party, in no legal sense, commits a fraud by refusing to perform a contract void by its provisions. He has not, in that sense, made a contract, and has a perfect right both at law and in equity to refuse performance.''

This rule of law has been followed through the years by the courts of this State. (See *Woolley* v. *Stewart,* 222 N. Y. 347; *Wheeler* v. *Reynolds,* 66 N. Y. 227; *Casolo* v. *Nardella,* 275 App. Div. 502; appeal dismissed 300 N. Y. 549; *Todd* v. *Pratt,* 149 App. Div. 459, affd. 210 N. Y. 575; *McCartney* v. *Titsworth,* 119 App. Div. 547; *Bauman* v. *Holzhausen,* 26 Hun 505, and *Lathrop* v. *Hoyt,* 7 Barb. 59, Note, 102 Am. St. Rep. 230, 239.) The plaintiff's cause of action falls squarely within the ambit of these principles of law. Here, an examination of the complaint shows that the plaintiff has parted with nothing, there was no partnership, no joint venture, no existing interest in the property, no act of part performance, except the plaintiff's offer to perform, and no relationship of confidence and trust.

The plaintiff, however, appears to treat the complaint as containing allegations of fact relating to an agreement enforcible in equity upon a finding of the creation of a constructive trust. The short answer to this is that the complaint is barren of factual allegations from which such a finding could be made. It has been said that a '' constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'' (*Beatty* v. *Guggenheim Exploration Co.,* 225 N. Y. 380, 386. See, also, Restatement, Restitution, § 160.) The agreement upon which a con-

structive trust is founded may be proved by parol and is not
interdicted by the Statute of Frauds (Real Property Law, § 242;
*Kaplan* v. *Meyer,* 271 App. Div. 837).

The crux, however, of a constructive trust is the set of opera-
tive facts, which calls for a judicial remedy. The breach of an
agreement, void for lack of a writing, is not a fraud or wrong
in law (cf. *Woolley* v. *Stewart,* 222 N. Y. 347, 351). In other
words '' To enforce a constructive trust for the oral contract
vendee is of the same effect as to decree specific performance.
Equity is bound by the Statute of Frauds, just as are the courts
of law. Accordingly it is well established that the mere fact
that a contract vendor has refused to carry out an informal
voidable contract to sell land is not adequate ground on which
to obtain a constructive trust in favor of the vendee. * * *
(These) statements assume that the contract vendor and vendee
are not in any peculiar relation of intimacy or trust and con-
fidence, but are merely engaging in a business transaction at
arms' length '' (Bogert, Trust and Trustees, vol. 3, pt. 1, § 479).

There are neither in the pleading here under consideration nor
in plaintiff's testimony of the origin and nature of the agree-
ment any facts from which it might be found or inferred that
there was any relation of intimacy or trust or confidence. The
plaintiff, the defendant, Kowalsky, and Nathan were engaging
in a business transaction at arm's length. Isolated statements
may be extracted from decisions that would appear to sustain
plaintiff's claim that upon the pleading and facts a constructive
trust could be established or a finding made that Kowalsky and
Nathan were trustees ex maleficio. An examination of the
factual background of such decisions, however, shows their
inapplicability to the instant case.

Thus, plaintiff relies heavily upon *Fletcher* v. *Manhattan Life
Ins. Co.* (197 App. Div. 484), wherein it appeared that the action
was brought, not for specific performance, but to have it
adjudged that the defendant received the premises as trustee for
plaintiffs and that the defendant account for rents and pay
plaintiffs the value of the premises in excess of the cost thereof
to the defendant. There, however, the plaintiffs and defendant
were jointly entitled to a judgment of foreclosure and sale of a
mortgage. It was agreed that defendant should bid in the
property at the foreclosure sale and after payment of necessary
expenses convey the premises to plaintiffs. The court pointed
out that the plaintiffs had a substantial interest in the mortgage
and defendant should not be permitted to cheat or defraud
the former of that interest by inducing them to rely upon a

parol agreement to protect the interest. Moreover, the court was careful to point out the distinction between the holding made and a situation similar to the one here presented. It said (*supra,* p. 488) that '' There is a plain distinction between a case in which such a parol agreement is made with a party who has an interest in the mortgage and one in which parties having no interest agree by parol that one of them shall bid in property for the benefit of both, in which case neither law nor equity affords relief against the breach of the agreement.''

Similarly, *Ryan* v. *Dox* (34 N. Y. 307) and *Congregation Kehal Adath, Jeshurun M'Yassy* v. *Universal Bldg. & Constr. Co.* (134 App. Div. 368) and like decisions, are based upon the rule that where the owner of property about to be sold at judicial sale enters into an agreement with the mortgagee or a third party for a valuable consideration and a promise not to bid or secure other bidders, that the mortgagee or the third party, in an action to establish an implied or constructive trust, cannot take advantage of the Statute of Frauds and escape because the contract was not in writing. But practically all of the decisions are careful to state that '' the principle (can not) be invoked in favor of one who has no interest in the land to be sold, for that would be a mere agreement to buy and convey without any element of fraud entering into it.'' (*Congregation Kehal Adath, Jeshurun M'Yassy* v. *Universal Bldg. & Constr. Co.,* 134 App. Div. 368, 371, *supra.*)

The conclusion is reached that the cause of action alleged in the complaint is based upon an oral agreement unenforcible under the Statute of Frauds. The motion to dismiss the complaint is granted with costs.

Submit order.