James A. WOOTEN, Plaintiff-Appellee,

v.

Raymond W. MARSHALL, Defendant-Appellant.

No. 235, Docket 25951.

United States Court of Appeals Second Circuit.

Argued March 1, 1960.

Decided June 3, 1960.

Jacquelin A. Swords, of Cadwalader, Wickersham & Taft, New York City (Steve C. Dune, New York City, on the brief), for defendant-appellant.

George H. Schwartz, of Schwartz & Nathanson, New York City (Paul E. Gelbard, of Schwartz & Nathanson, New York City, on the brief), for plaintiff-appellee.

Before CLARK, MOORE, and FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff seeks to establish a joint venture with defendant Marshall in the purchase of 160 acres of land, known as the Young tract, located in Anchorage, Alaska, and to compel defendant to account for the profits realized from the sale of the property. The court below granted the relief sought, D.C.S.D.N.Y., 173 F. Supp. 230, and defendant appeals.

Upon conflicting evidence the trial court found the following facts, which are amply supported by the record and which defendant disclaims any intention of questioning. In 1947 the parties were business associates, plaintiff as President and defendant as Chairman of the Board of Alaska Airlines, Inc. Plaintiff suggested to defendant the advisability of purchasing the Young tract for their own account and with an eye toward future residential development in view of the shortage of available housing in the area for airline personnel. The parties agreed to associate in such purchase and to share equally the profits and losses sustained. Various possibilities for profitable development or disposition of the property were discussed, but no definite plans were formulated aside from the reservation to each party of the right to purchase a small portion of the tract as a homesite.

Although plaintiff offered to raise one-half of the purchase price, defendant patronizingly insisted upon paying the full amount, with the understanding that he would be entitled to interest if no profit materialized within a few years. Defendant, without plaintiff's consent, took title to the property in his own name; but an exchange of letters indicates that no repudiation of the agreement was thereby intended.[1] Following the purchase, plaintiff exerted much effort to protect the parties' interest in the property and to exploit the same. His activities continued until sometime after No-vember 1949 when he severed his connection with the airline because of management disagreement and left Anchorage. Although the parties thereafter discussed the property and their rights therein on a number of occasions, defendant unilaterally sold portions of the tract without consulting or sharing the proceeds with plaintiff.

The major contention on appeal is that the agreement found by the court below falls within the Statute of Frauds. This contention was raised in a motion for summary judgment and denied by Judge Bryan in an opinion reported in D.C.S.D. N.Y., 153 F.Supp. 759. It was again raised at trial and denied by Judge Murphy in his opinion, D.C.S.D.N.Y., 173 F. Supp. 230. We need not resolve what seems to be an open question in New York—whether its Statute of Frauds is to be viewed as substantive or procedural for choice of law purposes. See Rubin v. Irving Trust Co., 305 N.Y. 288, 113 N.E. 2d 424. If substantive, the law referred to would be that of Alaska as the place of contracting, the place of performance, and the center of gravity of the contract. See Auten v. Auten, 308 N.Y. 155, 124 N.E.2d 99, 50 A.L.R.2d 246; see also Global Commerce Corp., S. A. v. Clark-Babbitt Industries, Inc., 2 Cir., 239 F.2d 716; Alaska Airlines v. Stephenson, 9 Cir., 217 F.2d 295, 15 Alaska 272. As there do not appear to be any controlling Alaska decisions, the New York courts would undoubtedly look to local prece-

---

[1]. Plaintiff's letter of October 30, 1947, reads as follows:

"I was quite surprised when I examined the Warranty Deed and find it is made out only in your name, and not in our joint names.

"Does this mean that I am no longer in this deal?

"I can let you have my check for $5,-000, and I will sign a note for the other $5,000, to mature within one year, if this is satisfactory. You may hold the joint deed as security, and this should certainly be protection enough for this loan. May I hear from you."

Defendant replied in a memo dated No-vember 3, 1947, as follows:

"I have your memo of October 30th.

"I have paid the full price 'for the Young property and it is my understanding that whatever profits accrue they are to be divided equally between you and me. However if the investment should remain open for a considerable period of time I do feel that an interest charge would be proper.

"If you would prefer some other plan please do let me know."

Since we hold the Statute of Frauds inapplicable, we do not reach the question whether this exchange of correspondence is sufficient to take the agreement out of the statute.

dents, since the relevant portions of the respective statutes are the same.[2]

Defendant's position is that the agreement was one for the creation or transfer of an interest in real property, and not one of joint venture. This contention is primarily based upon the reservation by plaintiff of an option to purchase a portion of the property as a homesite, and reliance is placed upon Pounds v. Egbert, 117 App.Div. 756, 102 N.Y.S. 1079. There it was suggested that if a copartnership to deal in land also envisions a conveyance of property by one partner to another, it comes within the statute. See also Levy v. Brush, 45 N.Y. 589. But this rationale must be considered modified by the holding in Mattikow v. Sudarsky, 248 N.Y. 404, 162 N.E. 296, which has established a distinction between a commercial venture and one contemplating a mere tenancy in common. See Weisner v. Benenson, 275 App.Div. 324, 89 N.Y.S.2d 331, affirmed per curiam 300 N.Y. 669, 91 N.E.2d 325; Rizika v. Kowalsky, 207 Misc. 254, 138 N.Y.S.2d 711, affirmed per curiam 285 App.Div. 1009, 139 N.Y.S.2d 299. Decisions by the Alaska courts in analogous situations suggest that a like result would there be reached. See Whistler v. MacDonald, 9 Cir., 167 F. 477; Hendrichs v. Morgan, 9 Cir., 167 F. 106; Cascaden v. Dunbar, 9 Cir., 157 F. 62, certiorari denied 212 U.S. 572, 29 S.Ct. 682, 53 L.Ed. 656; Shea v. Nilima, 9 Cir., 133 F. 209.

■ Applying this test we have no doubt that the parties entered into a commercial venture. The purchase of the tract was made in anticipation of its development and exploitation; and plaintiff's subsequent efforts, of which defendant was continuously informed, were directed toward this end. Thus the evidence demonstrated, *inter alia*, activity in employing an architect and obtaining a plot plan and plans of a housing development and of an apartment house layout, activity in arranging for and obtaining surveys of the property, activity in connection with local and national builders with a view toward construction of homes, activity in connection with statutory provisions for financing construction in Alaska, and endeavors to obtain commercial users for part of the property. These actions are not consonant with a mere cotenancy, but so clearly demonstrate the commercial nature of the venture that there is no need to attempt a definitive exposition respecting the elements of a joint venture.[3]

2. "In the following cases an agreement is void unless the same or some note or memorandum thereof expressing the consideration be in writing and subscribed by the party to be charged or by his lawfully authorized agent:

\* \* \* \* \* \* \*

"Fifth. An agreement for leasing for a longer period than one year, or for the sale of real property, or of any interest therein, or to charge or encumber the same \* \* \*." Alaska Comp.Laws § 58–2–2 (1949).

"A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." N. Y. Real Property Law § 259.

"No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing subscribed by the party creating, transferring, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law." Alaska Comp.Laws § 58–2–4 (1949).

"An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, can not be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing. \* \* \*" N. Y. Real Property Law § 242.

3. As in, e.g., Nichols, Joint Ventures, 36 Va.L.Rev. 425 (1950).

Plaintiff's option to purchase a small portion of the tract does not negate this commercial purpose, and in any event no enforcement of this right is here sought. See 1 Restatement, Contracts § 221 (1932).

██ Error is also assigned to the finding that plaintiff did not abandon the venture upon his departure from Alaska. Plaintiff testified, however, to his subsequent efforts in connection with the property and to the rejection of these proposals by defendant, who refused to cooperate until various claims arising from plaintiff's management of the airline had been settled. This evidence adequately supports the conclusion that defendant prevented any further participation in the venture by the plaintiff. Defendant's claim in the accounting proceeding for an allowance as compensation for his services in selling portions of the tract was also properly disallowed. See Levy v. Leavitt, 257 N.Y. 461, 178 N.E. 758.

The judgment is affirmed.