309 F.2d 154
 The UNITED STATES of America for the Use and Benefit of
CHARLES R. JOYCE & SON, INC., Plaintiff-Appellee,
v.
F. A. BAEHNER, INC., Defendant, and Hambly Construction
Company, Inc. and National Surety Corporation,
Defendants-Appellants.
 No. 87, Docket 27632.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 19, 1962.
Decided Oct. 23, 1962.
 
 Tillott & LaFleche, Schenectady, N.Y. (Jacob M. Frankel, Schenectady, N.Y., of counsel), for defendants-appellants.
 Newkirk & DiFabio, Albany, N.Y. (Leslie F. Couch, Albany, N.Y., of counsel), for plaintiff-appellee.
 Before WATERMAN, HAYS and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hambly Construction Company. Inc., a defendant below, was a prime contractor on a United States government construction project, and the National Surety Corporation was surety that the contractor would perform the work properly and would pay the bills required to be paid, including those payable under the Miller Act, 40 U.S.C. 270b.
 
 
 2
 The use-plaintiff below, Charles R. Joyce & Son, Inc., furnished a ventilation system to one of the prime contractor's subcontractors, F. A. Baehner, Inc., now in bankruptcy. Claiming full compliance with the conditions set forth in 40 U.S.C. 270b and an unpaid contract price due it of $7,605 plaintiff brought its action under that section against the prime contractor and the surety.
 
 
 3
 After further pleadings the plaintiff-appellee moved for summary judgment in accord with the provisions of Rule 56(a), Fed.Rules Civ.Proc. The court below granted the motion for the amount he found from the record to be undisputed, a sum of $5,890.60. He further, in a memorandum-decision, stated that a 'balance of $1,715.00 is the only amount in sufficient controversy and shall remain for trial.'
 
 The judgment order reads:
 
 4
 'Ordered and Adjudged that the balance claimed in the Complaint which remains in controversy, to wit, the sum of Seventeen hundred fifteen ($1,715.00) Dollars shall remain for trial.'
 
 
 5
 Appellant stated in its notice of appeal that the order appealed from 'awarded partial summary judgment to the use-plaintiff in the sum of $5,890.60,' and 'directed that a trial be held to determine what further sums, if any, might be due the use-plaintiff.'
 
 
 6
 At argument we made inquiries of counsel to learn what disposition, if any, had been had of the $1,715.00 disputed item, and apparently it remains in dispute.
 
 
 7
 1, 2$ Under well-settled rules a partial summary judgment order of this character is not an appealable order, and we lack appellate jurisdiction over this case. Though the parties did not raise the question, we must raise it. Borges v. Art Steel Co., Inc., 243 F.2d 350 (2 Cir., 1957); Audi Vision, Inc. v. RCA Mfg. Co., 136 F.2d 621, 147 A.L.R. 574 (2 Cir., 1943). See Advisory Committee's Note of 1946 to Subdivision (d) of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.
 
 
 8
 The appeal is premature and is dismissed for lack of appellate jurisdiction.