**BACKUS PLYWOOD CORP., Plaintiff-Appellant,**

v.

**COMMERCIAL DECAL, INC. and Alfred Duhrssen, Defendants-Appellees.**

No. 318, Docket 27897.

United States Court of Appeals Second Circuit.

Argued April 8, 1963.

Decided May 9, 1963.

## 340

Charles Singer, of Krause, Hirsch, Gross & Heilpern, New York City, for appellant.

Lewis M. Isaacs, Jr. of M. S. & I. S. Isaacs, New York City, for appellees.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This is an action for breach of an alleged oral agreement, and for misrepresentation. The district court entered partial summary judgment dismissing under the statute of frauds so much of the complaint as was based on breach of contract, and invoked Fed.R.Civ.P. 54(b) to permit plaintiff an immediate appeal. With regard to that portion of the judgment dismissing, in part, appellant's claim against Alfred Duhrssen, we hold that Rule 54(b) is inapplicable, and that the appeal must be dismissed as premature. The judgment dismissing appellant's claim against Commercial Decal, Inc. is affirmed.

The individual defendant, Alfred Duhrssen, is president and owner of a substantial portion of the stock of the defendant corporation. The plaintiff alleged that in August 1958, its secretary-treasurer, Alfred H. Sachs, proposed to Duhrssen a plan for the reorganization of the corporate defendant for the mutual benefit of both parties. Memoranda containing proposals and counter-proposals were exchanged, but no agreement was ever reduced to writing. Plaintiff claims, however, that on September 24, 1958, the parties entered into an oral agreement, which it characterizes as a "joint venture agreement". Briefly stated, the purpose of the agreement was to form a new corporation which would acquire, for about one-third of their value, certain assets (not including realty) from Commercial Decal and would continue its business, lease its buildings and improvements for five years, and employ Duhrssen as president and general manager for a period of approximately four years at a fixed salary plus a share of the profits. The stock of the new corporation was to be held exclusively by plaintiff. The agreement was to be reduced to writing within a month.[1]

When the arrangements failed to materialize, plaintiff filed this action. Having three theories of recovery, plaintiff drafted its complaint in terms of three "causes of action." The first alleges breach of the agreement by both defendants. The second alleges breach by Duhrssen only of his promise to procure the consent of Commercial Decal's stockholders and directors to the agreement. The third alleges that Duhrssen misrepresented the extent of his ownership and control of the stock of Commercial Decal, and thus his ability to obtain consent of Commercial's stockholders to the venture.

On motion for summary judgment, the district court dismissed the first and second "causes of action" under the statute of frauds, thereby disposing of plaintiff's entire claim against the corporate defendant, and two of its three theories of Duhrssen's liability.[2] The court determined that "there is no just reason for delay in the entry of final judgment on this order," and entered judgment pursuant to Fed.R.Civ.P. 54(b).

Although the problem has not been raised by either party, we are faced at the outset with the jurisdictional question of whether Rule 54(b) was properly

---

1. The terms and purposes of the alleged agreement are more fully set forth in the opinion of the district court. 208 F.Supp. 687 (S.D.N.Y.1962).

2. The question of misrepresentation by Duhrssen is awaiting further proceedings in the district court.

invoked. If there had been no certification we would have no jurisdiction to hear an appeal from an order granting partial summary judgment. United States for Use and Benefit of Charles R. Joyce & Son, Inc. v. F. A. Baehner, Inc., 309 F.2d 154 (2d Cir. 1962); see Audi Vision Inc. v. RCA Mfg. Co., 136 F.2d 621, 147 A.L.R. 574 (2d Cir. 1943). Where the district court issues a certificate, we have no jurisdiction unless the district court had power to do so, Schwartz v. Eaton, 264 F.2d 195 (2d Cir. 1959), and the district court's determination that it had such power is not binding upon us. Ibid.

Rule 54(b) provides, in relevant part:

"When more than one claim for relief is presented in an action * * or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

■ As multiple parties were here involved, and the judgment appealed from wholly terminated appellant's action against one of them (the corporate defendant), that much of the judgment is properly before us. See Notes of the Advisory Committee on Rules (1961), following 28 U.S.C.A. Rule 54 (Supp. 1963).

■ But appellant's action as against Duhrssen is in a different posture. The judgment appealed from left part of this matter pending. As respects multiple claims against a single defendant, Rule 54(b) may be invoked only when there is more than one "claim for relief" and at least one of those claims has been finally determined. In Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943), we defined the term "claim", as used in the Federal Rules, to denote "the aggregate of operative facts which give rise to a right enforceable in the courts." This definition has often been applied in cases reaching us under Rule 54(b). See, e. g. Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc., 243 F.2d 795 (2d Cir. 1957); Leonidakas v. International Telecoin Corp., 208 F.2d 934 (2d Cir. 1953). In the present case the three "causes of action" in the complaint presented merely three different theories of recovery against Duhrssen for his failure to carry out the alleged agreement of September 24, 1958. Our language in Schwartz v. Eaton, 264 F.2d 195, 196 (2d Cir. 1959), is fully applicable:

"[A]ll of the facts on which plaintiff relies constitute but a single transaction composed of a closely related series of occurrences. F.R. 54(b), which gives the district court the power to enter a final judgment covering only a part of the litigation before it, is applicable by its terms only to separate and distinct *claims*. It is * * * thoroughly settled that such a claim is a set of facts giving rise to one or more legal rights, and that F.R. 54(b) cannot be used to appeal a part of a single claim or, as here, to test a single legal theory of recovery * * *."

That plaintiff cast its pleadings in terms of three "causes of action" is immaterial. Cott Beverage Corp. v. Canada Dry Ginger Ale, Inc., supra. We conclude that Rule 54(b) was inapplicable and the order, in effect striking two of appellant's three theories of recovery against Duhrssen, was not a "final judgment". Therefore this part of the appeal must be dismissed as premature. 28 U.S.C. § 1291; Charles R. Joyce & Son, Inc. v. F. A. Baehner, Inc., supra.

■ Turning to the merits of appellant's action as against the corporate defendant, we agree with the district court that the alleged agreement is squarely within the statute of frauds, and therefore unenforceable. The agreement to sell the assets of Commercial Decal, Inc. comes within New York Per-

sonal Property Law § 85.[3] The alleged promise to convey to the new corporation a five year lease to Commercial Decal's corporate realty comes within New York Real Property Law § 259.[4] The agreement that Duhrssen would be employed for over four years by the new corporation comes within New York Personal Property Law § 31(1).[5]

■ But appellant urges that the agreement alleged is a "joint venture" agreement, and cites such decisions as Dayvault v. Baruch Oil Corp., 211 F.2d 335 (10th Cir. 1954), Weisner v. Benenson, 275 App.Div. 324, 89 N.Y.S.2d 331 (1st Dept. 1949), aff'd, 300 N.Y. 669, 91 N.E.2d 325 (1950),. and Cohen v. Bass, 138 App.Div. 504, 123 N.Y.S. 395 (2d Dept. 1910) for the proposition that the statute of frauds does not apply to such agreements. Passing the dubious question of whether the alleged agreement constituted a joint venture (see Weisner v. Benenson, supra), it is clear that the principle of the cases cited applies only to joint ventures to make purchases from or transact business with *third parties*. In such situations it is held that the fact that the agreement contemplates future purchases by the venturers from third parties does not bring it within the statute of frauds. Dayvault v. Baruch Oil Corp., supra, 211 F.2d at 339, and cases there cited.[6] But the label "joint

venture" will not remove the bar of the statute when, as here, the very essence of the asserted venture is a sale from one "venturer" to the other. See Murnane v. Maxson Electronics Corp., 221 N.Y.S.2d 1015, 1017 (Sup.Ct. Suffolk County 1961). Professor Corbin, in discussing application of the statute of frauds to joint ventures in realty, states the rule as follows:

"A contract between two persons to go into the business of buying and selling real estate as partners or as joint adventurers, sharing the profits and losses thereof, is not within section 4 *unless there is a provision for the transfer of specific land from one party to the other.* * * * The fact that the contract is one for a land partnership or for a division of profits and losses does not take it out of the statute of frauds if there is a provision that requires a transfer of land from one of the contracting parties to another. The latter provision falls squarely within the statute and makes the entire oral contract unenforceable. * * "

2 Corbin, Contracts 418–19, 422–23 (1950) (emphasis supplied), (footnotes omitted), citing Levy v. Brush, 45 N.Y. 589 (1871). See also Rizika v. Kowalsky, 207 Misc. 254, 138 N.Y.S.2d 711 (Sup. Ct. Oneida County 1954), aff'd, 285 App.

3. "§ 85. Statute of frauds governing contracts to sell goods and sales of goods

"1. A contract to sell or a sale of any goods of the value of five hundred dollars or upward * * * shall not be enforceable by action unless:

"(a) There is some note or memorandum in writing signed by the party to be charged or his agent in that behalf * * * or

"(b) The buyer has accepted part of the goods and actually received the same, or

"(c) The buyer has given something in part payment."

4. "§ 259. When contracts to lease or sell void

"A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void, unless the contract, or some

note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing."

5. "§ 31. Agreements required to be in writing

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;

"1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime."

6. Of course such subsequent sales are not removed from the statute's coverage simply because the purchasers are joint venturers.

Div. 1009, 139 N.Y.S.2d 299 (4th Dept. 1955). Any other rule would, of course, virtually emasculate the statute in this area.

Alternately, appellant urges that the agreement it seeks to enforce is not that which we have described, but rather that its claim is for breach of defendant's alleged oral promise to reduce the alleged "joint venture" agreement to writing within 30 days. The law is well settled that an oral agreement to execute an agreement that is within the statute of frauds is itself within the statute, and unenforceable. Belmar Contracting Co. v. State, 233 N.Y. 189, 194, 135 N.E. 240, 241 (1922); Deutsch v. Textile Waste Merchandising Co., 212 App.Div. 681, 209 N.Y.S. 388 (1st Dept. 1925); McLachlin v. Village of Whitehall, 114 App.Div. 315, 99 N.Y.S. 721 (3d Dept. 1906).[7]

Appellant's other points are without merit.

Affirmed in part, dismissed in part.

7. Greenspun v. Roos, 48 F.Supp. 281 (E. D.N.Y.1942), relied upon by appellant, is contrary to the overwhelming weight of New York authority and must be rejected.