Sidney RABEKOFF, trustee in bankruptcy of Acorn Industries, Inc., Plaintiff-Appellee,

v.

LAZERE & CO., Inc., Defendant-Appellant.

No. 6, Docket 27511.

United States Court of Appeals Second Circuit.

Argued Oct. 1, 1963.

Decided Oct. 22, 1963.

Sidney Feldshuh, New York City (Sidney Rabekoff, New York City, on the brief), for plaintiff-appellee.

George Natanson, New York City (Natanson & Gordon, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

The Trustee in Bankruptcy filed suit in the United States District Court for the Southern District of New York to recover payments of $31,696.67 made by the bankrupt to the defendant Lazere pursuant to a stipulation in an attachment action brought by Lazere against the bankrupt in the state court. The Trustee's complaint contained two theories of action. The first cause of action alleged that these payments constituted preferences under Section 60 of the Bankruptcy Act, 11 U.S.C. § 96; the second cause of action alleged that these

payments constituted preferences under Section 15 of the New York Stock Corporation Law, McKinney's Consol. Laws, c. 59. The District Court, Richard H. Levet, District Judge, granted "partial summary judgment" for $24,397.67 plus interest, on the theory that payments to that amount plainly were voidable preferential transfers under § 15 of the New York Stock Corporation Law. Decision was reserved on whether the remaining $7,299.00 claimed by the Trustee was voidable under either the Bankruptcy Act or New York law. The District Judge also made a finding that there was no just reason for delay and expressly directed entry of judgment. The defendant has appealed from this judgment, predicating this court's jurisdiction on Rule 54(b) of the Federal Rules of Civil Procedure. We hold the judgment not final and dismiss the appeal.

By its own terms Rule 54(b) is applicable only to actions involving multiple claims for relief. "[W]here there is only a single claim or 'factual occurrence' the Rule cannot be invoked to confer jurisdiction upon an appellate court." Town of Clarksville, Va. v. United States, 198 F.2d 238, 240 (4 Cir. 1952), cert. denied 344 U.S. 927, 73 S.Ct. 495, 97 L.Ed. 714 (1953). See Seaboard Machinery Corp. v. Seaboard Machinery Corp., 267 F.2d 178 (2 Cir. 1959); Schwartz v. Eaton, 264 F.2d 195 (2 Cir. 1959).[1] Rule 54(b) does not give the District Judge the power to enter a final judgment with respect to part of a single claim. Cott Beverage Corp. v. Canada Dry Ginger Ale, 243 F.2d 795 (2 Cir. 1957). Where appeal from a judgment on less than an entire claim is based on certification pursuant to Rule 54(b), the appeal must be dismissed as premature. Seaboard Machinery Corp. v. Seaboard Machinery Corp., supra. See also 6 Moore's Federal Practice, ¶¶ 54.33, 56.20[4] (1953).

The District Judge below assumed that the complaint involved multiple claims for relief because it stated two causes of action. But a complaint must do more than simply state alternate legal theories to set out multiple claims for relief. Cmax, Inc. v. Drewry Photocolor Corp., 295 F.2d 695, 697 (9 Cir. 1961). Each claim must arise from a different factual occurrence or transaction. Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942); Cott Beverage Corp. v. Canada Dry Ginger Ale, supra. Here the entire controversy arose from a single factual occurrence, the series of payments made by the bankrupt to the defendant pursuant to a stipulation in an attachment action.

Moreover, the District Judge has not even disposed of one of the causes of action advanced in the Trustee's complaint. The defendant was a secured creditor to the extent of certain accounts receivable, which it reassigned to the bankrupt after the payments totaling $31,696.67 were made. Lazere realized at least $7,299.00 on these accounts, and the Trustee admits that the judgment may have to be modified if further collections on the accounts are made. This admission indicated how far from final this pre-trial order designated by the misnomer "partial summary judgment" really is. Furthermore, the Trustee is still able to pursue the $7,299.00 balance of his claim under Section 60 of the Bankruptcy Act or Section 15 of the New York Stock Corporation Law. Rule 54

---

[1] When confronted with the dilemma that an order granting partial summary judgment was really interlocutory but that the defendant might have to satisfy the judgment without having a chance to appeal, the 7th Circuit held such an order appealable. Biggins v. Oltmer Iron Works, 154 F.2d 214 (1946); Commonwealth Ins. Co. v. O'Henry Tent & Awning Co., 266 F.2d 200, 75 A.L.R.2d 1198 (7 Cir. 1959). But this approach permits a federal rule to enlarge the appellate jurisdiction of the court. Where the District Judge has issued a final judgment on which execution can issue on less than a single claim, it would seem that the remedy is not to entertain an appeal which Congress has forbidden, but, if necessary, to employ the remedy normally used when a court has exceeded its jurisdiction— mandamus.

(b) does not relax the finality required of each decision on an individual claim to render it appealable. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

Since there is no "final decision" from which an appeal may be taken to this court, 28 U.S.C. § 1291, the appeal is dismissed. But since execution may issue on the judgment, we suggest that the District Judge stay execution upon the filing of a bond by Lazere so that Lazere's right to appeal after final judgment may be fully preserved.[2]

---

2. In the light of our conclusion that the order appealed from is provisional only, the District Court may well conclude after further reflection that the character of the payments involved may depend in part on issues of fact asserted by the parties requiring resolution on trial rath-

er than on the affidavits and depositions thus far received. Cf. Audi Vision Inc. v. RCA Mfg. Co., 136 F.2d 621, 624, 147 A.L.R. 574 (2 Cir. 1943).