**UNITED STATES of America,**
**Libelant,**

v.

**STOCKARD STEAMSHIP CORPORATION and Seaboard Surety Company, Respondents.**

United States District Court
S. D. New York.
Dec. 2, 1963.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, for libelant.

Louis E. Greco, Attorney in Charge Admiralty & Shipping Section Dept. of Justice, New York City, Leavenworth Colby, Lawrence F. Ledebur, Attorneys, Admiralty & Shipping Section Dept. of Justice, of counsel.

Zock, Petrie, Sheneman & Reid, New York City, Kominers & Fort, Washington, D. C., for respondents. Francis J. O'Brien, New York City, J. Franklin Fort, T. S. L. Perlman, J. Lovering Truscott, Washington, D. C., of counsel.

WEINFELD, District Judge.

The Court is of the view that there is no sound basis for the Government's reiterated position with respect to the second and fourth causes of action based upon the "world market charter rate," which has repeatedly been rejected by the courts. Massachusetts Trustees of E. Gas and Fuel Associates v. United

States, 202 F.Supp. 297 (D.Mass.1962), aff'd, 312 F.2d 214 (1st Cir.), cert. granted, 375 U.S. 809, 84 S.Ct. 46, 11 L.Ed.2d 47 (1963); American Export Lines, Inc. v. United States, 290 F.2d 925 (Ct.Cl. 1961); United States v. East Harbor Trading Corp., 190 F.Supp. 245 (S.D. N.Y.1960). The fifteen per cent rate in the charters does not "differ from the rate" specified in section 5(b) of the Merchant Ship Sales Act of 1946, 50 U.S.C. App. § 1738(b) (1958), and in this circumstance, as has been held in every case which has considered the section, the world market charter rates are not applicable. Section 5(b) of the Act is clear despite the Government's contention to the contrary.

■ The Government, in resisting the motion for summary judgment on the second and fourth causes of action, urges they are pleaded as alternatives to its other claims, each of which is based upon a different theory although resting upon the same factual situation, and hence it should not be compelled to choose its remedy in advance of its disposition of the entire suit. However, the "world market" claim as repeatedly advanced by the Government is without support; there is no reason for allowing it to be pleaded. The present theory of the Government, as the Court understands it, is that if the contracts are illegal, then the Government is "entitled to recover statutory minimum charter hire computed at the world market rate." However, if the Trial Court should hold that the Commission exceeded its authority in fixing the rate specified in the charter and that the contracts are illegal, then the Government, in contending for proper rates of charter hire, is not restricted from offering proof that the "prevailing world rate" is the yardstick; but this could not be compelled as a matter of law under the statute, which is what the libelant is seeking under the claim here attacked. The world market rate becomes controlling only when the Commission fixes charter hire and then only when the rates fixed are below fifteen per cent of the statutory sales price of the vessels; it is not a statutory command to a court.

■ The respondents' further application for immediate entry of judgment under the world market claim is denied. Each contract is the subject of three alternative claims, as follows:

(1) the world market rate claim based on allegations that the so-called "basic" and the "additional charter hire" rates were less than the world market charter rates;

(2) an alternative contract claim based on contract legality; and

(3) an alternative "quantum valebat" claim based on contract illegality.

It is clear that the respective claims are all interrelated. The alternative claims are based upon the same charters which were entered into under the authority of the same statute. In the determination of the issues, the same operative facts come into play. Under the circumstances, the Court's power to grant the request for relief under Rule 54(b) is at the very least questionable. See Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339 (2d Cir.), cert. denied, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963). But apart from the issue of whether the world rate claim (herewith dismissed) is separate and distinct from the others, the extensive litigation which has centered about these charter rates and the statute emphasizes the desirability of "one complete adjudication on all aspects of the case when the proper time arrives." See Audi Vision, Inc. v. RCA Mfg. Co., 136 F.2d 621, 625 (2d Cir. 1943).

The motion for summary judgment dismissing the second and fourth causes of action is granted, but entry of judgment shall be withheld until the final disposition of the remaining causes of action.