385 F.2d 916
 Phillip J. McNELLIS, as Trustee of Donald S. Potter,
Bankrupt, Plaintiff-Appellant,
v.
MERCHANTS NATIONAL BANK AND TRUST COMPANY OF SYRACUSE,
Syracuse, New York, and Manufacturers Hanover
Trust Company, Defendants-Appellees.
 No. 105, Docket 31494.
 United States Court of Appeals Second Circuit.
 Argued Oct. 11, 1967.
Decided Nov. 24, 1967.
 
 Laurence Sovik, Syracuse, N.Y. (Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N.Y., on the brief), for plaintiff-appellant.
 Roy L. Reardon, New York City (Simpson, Thacher & Bartlett, Richard D. Katcher, New York City, on the brief), for appellee Manufacturers Hanover Trust Co.
 Lawson Barnes, Syracuse, N.Y. (Melvin & Melvin, Syracuse, N.Y., on the brief), for appellee Merchants National Bank and trust Co. of Syracuse.
 Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 This is an appeal by plaintiff Phillip J. McNellis, as bankruptcy trustee of Donald S. Potter, from an order of the United States District Court for the Northern District of New York, Edmund Port, J., granting in substantial part a motion for summary judgment by defendants The Merchants National Bank and Trust Company of Syracuse and Manufacturers Hanover Trust Company. For the reasons set forth Below, we dismiss the appeal.
 
 
 2
 In the spring of 1963, Donald S. Potter, a real estate broker, filed a voluntary petition in bankruptcy and was adjudicated bankrupt; shortly thereafter, Phillip J. McNellis was appointed trustee of the estate. Since then, trustee McNellis has been attempting to recover moneys he claims were paid out by Potter on allegedly usurious loans. E.g., In re Potter, 367 F.2d 513 (2d Cir. 1966); McNellis v. First Fed. Sav. & Loan Ass'n, 364 F.2d 251 (2d Cir.), cert. denied, 385 U.S. 970, 87 S.Ct. 504, 17 L.Ed.2d 434 (1966). In this case, the basic claim for relief of the trustee's action is that Donald Potter paid interest on a loan by defendant banks in fact made to him although in form to a corporation named Potter Securities Corporation; in other words, the trustee claims that the Corporation was a dummy for Donald Potter. The trustee's complaint contains two causes of action, both seeking recovery from the banks of allegedly usurious interest payments to them.[1] The first cause of action alleges payments of interest on the loan at an annual rate of eight and one-half per cent, one payment of $62,526.67 for the period from January 1 to April 1, 1962, and another of $53,446.35 for the period from April 1 to June 25, 1962. Pursuant to 12 U.S.C. 86, the trustee seeks damages of double these amounts, or $231,946.04.[2] The second cause of action alleges that the two payments were fraudulent under sections 273-76 of the New York Debtor and Creditor Law, McKinney's Consol. Laws, c. 12 and that the later one also violated section 67d(2) of the Bankruptcy Act, 11 U.S.C. 107(d)(2).
 
 
 3
 Both plaintiff and defendants moved for summary judgment in the district court. In his opinion, Judge Port found that:
 
 
 4
 The principal if not the sole use to which (the Corporation) was put was to hold title to various parcels of realty for relatively short times in order to borrow money, secured by mortgages, on that property.
 
 Moreover, he recognized that:
 
 5
 Many of these loans * * * were made at rates of interest which would have been usurious if charged to an individual borrower.
 
 
 6
 The judge carefully reviewed the papers before him and concluded that:
 
 
 7
 The circumstances surrounding the execution of the May 3, 1961 building loan agreement inescapably lead to the conclusion that the loan was made to Potter Corporation and not to Donald Potter.
 
 
 8
 Judge Port found, therefore, that since under New York law the defense of usury is not available to a corporation, the building loan was not usurious; he dismissed the first cause of action entirely.
 
 
 9
 As to the second cause of action, the judge held that insofar as it rested on the premise that the two payments were made without fair consideration because they were usurious, it must also fall. See In re Potter, 367 F.2d 513 (2d Cir. 1966). According to Judge Port, however, the second cause of action sets forth another theory: Even if the building loan was made to the Corporation, the payments of interest were actually made by Donald Potter individually; since he was under no personal obligation, the payments were transfers of his property without fair consideration. As to this, the judge held that, except for payments of $3,439.63, the papers before him offered 'no support for the contention.' Accordingly, he entered an order specifying as facts that 'appear without substantial controversy'[3] that the loan was not usurious, and that all repayments of principal and interest were made for fair consideration and not in fraud of creditors except for payments of $3,439.63. The judge directed trial of the issue of whether those payments defrauded creditors under New York or federal law. Therefore, the trustee's second cause of action is still pending in the district court, although the relief he may obtain has been considerably diminished by an interlocutory order. The judge made an express determination under Fed.R.Civ.P. 54(b) that there was 'no just reason for delay' in the entry of final judgment dismissing the first cause of action and directed it. McNellis, as trustee of Donald Potter, seeks to appeal from that dismissal.[4]
 
 
 10
 Although none of the parties has raised the point, we reluctantly conclude that we should not reach the merits in this case because we find that Judge Port's order, although framed in the words of Fed.R.Civ.P. 54(b), is not appealable. Rule 54(b) provides:
 
 
 11
 When more than one claim for relief is presented in an action * * * the court may direct the entry of a final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. * * *
 
 
 12
 Thus, a precondition to a Rule 54(b) order is that there be 'more than one claim for relief.' Here, although the complaint stated two 'causes of action,' there was but one 'claim for relief' under the federal rules.
 
 
 13
 We have adequately discussed this problem previously. See, e.g., Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339 (2d Cir.), cert. denied, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963); Rabekoff v. Lazere & Co., 323 F.2d 865 (2d Cir. 1963). As we stated in Backus, 317 F.2d at 341:
 
 
 14
 In Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943), we defined the term 'claim,' as used in the Federal Rules, to denote 'the aggregate of operative facts which give rise to a right enforceable in the courts.' This definition has often been applied in cases reaching us under Rule 54(b).
 
 
 15
 Here there is clearly only one 'aggregate of operative facts' upon which McNellis's first and second causes of action are based. Both grow out of the loan by defendant banks to the Corporation or Donald Potter at an eight and one-half per cent interest rate and the subsequent payments of interest. Until it is determined whether Donald Potter made any of those payments, the trustee still has undecided his single 'claim for relief.'
 
 
 16
 It is true that only a small portion of the trustee's claim has in fact not been resolved by Judge Port. And it may be that the parties can dispose of the remaining issues quickly. If so, should they thereafter wish to appeal all issues expeditiously to this court, we would entertain their motion to submit that appeal on the briefs already filed, together with whatever additional memoranda they may think necessary. The proceeding presently before us, however, is dismissed because the order of Judge Port is not appealable.
 
 
 17
 Appeal dismissed.
 
 
 
 [1]
 The complaint is in form only against defendant Merchants, a national bank. However, supplemental pleadings made clear that Manufacturers participated in the loans to the extent of 93%, and it has intervened as a party defendant
 
 
 [2]
 12 U.S.C. 86 provides:
 The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the association taking or receiving the same: Provided, That such action is commenced within two years from the time the usurious transaction occurred.
 
 
 [3]
 See Fed.R.Civ.P. 56(d)
 
 
 [4]
 Trustee McNellis sued in this case as trustee of Donald Potter and also as trustee of the Corporation, which was adjudicated bankrupt at the same time; another plaintiff was Eugene H. Klein as trustee of Randolph House Motor Hotel Corp. Judge Port dismissed the complaint entirely as to Klein and as to McNellis in his other capacity; the only appeal was by McNellis as trustee of Donald Potter's estate