Gordon **ARNOLD** et al.

v.

**BACHE & CO., INC., and J. Samuel Sicherman, trading as J. Samuel Sicherman & Co.**

**Civ. No. 69–448.**

United States District Court,
M. D. Pennsylvania.

Nov. 16, 1973.

Laster, Strohl, Kane & Mattes, and T. Linus Hoban, Welles & McGrath, Scranton, Pa., for plaintiffs.

James W. Scanlon, Scranton, Pa., Sullivan & Cromwell, New York City, for defendants.

### MEMORANDUM AND ORDER

NEALON, District Judge.

In a one-count complaint filed November 3, 1969,[1] plaintiffs predicated defendant's liability upon alleged violations of the Securities Exchange Act of

1. An amended complaint was filed May 3, 1973, to include J. Samuel Sicherman, trading as J. Samuel Sicherman & Co., as a party-defendant.

1934[2] and the Commodities Exchange Act of 1934.[3] In support of their theories of recovery, plaintiffs alleged that the business activities of Sicherman and Bache were so intertwined that Bache should bear the responsibility for any losses caused by Sicherman's fraudulent schemes.

With respect to Sicherman, plaintiffs charged that he "systematically, fraudulently, and regularly embezzled and otherwise stole the monies of the plaintiffs and other members of the plaintiffs' class of customers . . ." The facts with regard to Bache are summarized in my Memorandum and Order of September 27, 1973.[4]

"Plaintiffs allege that defendant Bache aided and abetted Sicherman in his illegal operation by furnishing Sicherman with various facilities customary in commodities brokerage offices and by referring to Sicherman commodities business originating in Bache's Scranton office. Plaintiffs maintain that this activity, coupled with the sharing of brokerage fees and commissions on trades placed, created a public impression of endorsement both as to the skill and integrity of Sicherman and that the operation was backed by Bache. This endorsement, plaintiffs contend, plus the failure of Bache to properly supervise the activities of Sicherman or to correct the public impression that Sicherman was in some manner connected with Bache, allowed Sicherman to obtain customers by trading on the use of Bache's established reputation, when they knew or should have known that he was engaged in illegal and fraudulent activities."

That Memorandum and Order granted defendant's motion to dismiss for lack of jurisdiction over the subject matter under the Securities and Exchange Act of 1934, but denied defendant's motion to dismiss for failure to state a claim for relief under the Commodities Exchange Act of 1934. Plaintiffs now move for an entry of final judgment against themselves and an express determination that there is no just reason for delay in order that they might perfect an appeal under Rule 54, Fed.R.Civ.P.

As a condition precedent to the granting of plaintiffs' motion, it must appear that there is more than one claim for relief.

"The amended rule (Rule 54) does not apply to a single claim action nor to a multiple claims action in which all of the claims have been finally decided. It is limited expressly to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal."[5]

The difficulty presented by plaintiffs' motion lies in determining the parameters of a claim. Prior to the 1946 amendment to Rule 54(b), it was held that "[t]he Rules make it clear that it is differing occurrences or transactions which form the basis of separate units of judicial action." Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085, 1087, 86 L.Ed. 1478 (1942). While the approach taken in Reeves has been seriously questioned in light of the deletion of the "occurrence or transaction" language from Rule 54, Cold Metal Process Co. v.

2. Under the Securities Exchange Act of 1934, plaintiffs alleged that defendant Bache was a controlling person under Section 20(a), 15 U.S.C. § 78t(a), and was therefore jointly and severally liable with defendant Sicherman for alleged violation of Section 10(b), 15 U.S.C. § 78j.

3. Under the Commodities Exchange Act of 1936, plaintiffs alleged violations of §§ 4b and 4d, 7 U.S.C. §§ 6b and 6d.

4. Arnold v. Bache & Co., D.C., 377 F.Supp. 61.

5. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).

**68**

United Engineering & Foundry Co., 351 U.S. 445, 452, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 941 n. 3 (2d Cir. 1968); it has not been entirely repudiated, Rabekoff v. Lazere & Co., 323 F.2d 865, 866 (2d Cir. 1963); RePass v. Vreeland, 357 F.2d 801, 805 n. 4 (3d Cir. 1966); Town of Clarksville, Va. v. United States, 198 F.2d 238, 240 (4th Cir. 1952). Although the basis of liability in this action arises out of a single transaction or occurrence, I need not rest my decision solely on the authority of *Reeves*, supra. In RePass v. Vreeland, 357 F.2d 801 (3d Cir. 1966), allegations that defendant attorneys were negligent in (1) allowing a statute of limitations to expire before commencement of suit and in (2) negligently failing to inform plaintiff of the running of the statute, were held to constitute a single claim attired in two theories of negligence. Also, in Rebekoff v. Lazere & Co., 323 F.2d 865 (2d Cir. 1963), the Court failed to find more than one claim where a trustee in bankruptcy sued to recover a preferential transfer under both federal and state law. "[A] complaint must do more than simply state alternate legal theories to set out multiple claims for relief." Rabekoff, supra, at 866. See also Backus Plywood Corp. v. Commercial Decal, Inc., 317 F.2d 339 (2d Cir. 1963); McNellis v. Merchants National Bank and Trust Co. of Syracuse, 385 F. 2d 916 (2d Cir. 1967); and cf. Campbell v. Westmoreland Farm, Inc., 403 F.2d 939 (2d Cir. 1968); Rieser v. Baltimore and Ohio Railroad Company, 224 F.2d 198 (2d Cir. 1955). From a reading of the complaint, I am persuaded that this action arises out of a single "aggregate of operative facts", McNellis, supra, at 917, presented under different legal theories, RePass, supra, which may not be separately enforced, Campbell, supra, and for which only one recovery would be allowed, Rabekoff, supra.

Accordingly, plaintiffs' motion for a "determination" and "direction" under Rule 54(b) is hereby denied.